### JOEL BATTY v. TOWN OF DUXBURY.

*Towns to make By-ways. Primarily liable. By-way an open
public way. Obstructions in highways. Towns and travelers.*

Towns must, when railroads obstruct their highways, provide a suitable and proper
by-way for the public to pass around the obstruction, and use proper and rea-
sonable precaution to divert the travel from such highway or by-way while they
remain unsafe for the public use.

And though the railroad be bound to make the by-way, and fail to make it safe for
public use, this will not exonerate the town from liability, for the town is pri-
marily liable to the traveler.

Such by-way is an open public way for the time being, and the town must make
it reasonably safe for the public travel, or see that it is made so by others.

Towns are bound, after having reasonable notice of the existence of obstructions
in their highways, to remove them or make safe by-ways to pass around them,
or to see that they are properly made by others.

There is no necessary privity between the traveler and any one but the towns, as
to the sufficiency of the highways. The towns must look to those who obstruct
their highways for redress. *Willard* v. *Newbury*, 22 Vt. R. 458 confirmed.

THIS was an action in three counts, on the case for injuries sus-
tained in consequence of the insufficiency of a highway in said
town of Duxbury. The 1 and 2 counts set up the highway as be-
ing a public highway in said Duxbury, that the same was insuffi-
cient and out of repair, &c. The 3 count, "that the said highway
"was then and there insufficient and out of repair, and then and
"there was, and for a long space of time, to wit, six months, &c.,
"had been obstructed by a high embankment across said highway
"where it was necessary for the plaintiff to pass in traveling said

"highway for a short distance, to wit, fifty rods was rendered and
" was then and there wholly impassable during all the time afore-
" said, of all which the defendants, &c., had notice; and the plaintiff
" avers that in order to travel and pass along said highway on his
" said journey, the plaintiff was then and there necessarily com-
" pelled, to avoid said obstruction in said highway by turning a
" little out of said highway and passing around said obstruction
" along by the side of and near said highway a short distance, to
" wit, fifty rods, (and thence into said highway,) in a certain *open*
" *public way*, in Duxbury aforesaid, and that had been constructed
" for that purpose, and in which all travellers passing or traveling
" said highway, then were and for a long time, &c., to wit, six
" months, and during all the time aforesaid had been compelled to
" travel, &c., with the knowledge and consent of said defendants,
" &c., plaintiff avers that there was no other way or means of
" avoiding said obstructions in said highway or of there traveling
" said highway than the said open public way aforesaid, which
" was constructed for that purpose, of all which, &c., the defend-
" ants, &c., had notice; and the plaintiff avers that said *open way*
" was then and there and during all the time aforesaid insufficient
" and out of repair, as and for a highway, or for the purpose of
" traveling thereon as aforesaid, &c."

Plea, the general issue, and trial by the jury, December term, 1851.

On trial it appeared and was proved, that there had been for many years a public highway in Duxbury leading east and west, and on the south side of Onion river and near the river, and was the only highway through Duxbury on said Onion river. That at the point in question said highway made a slight curve towards the river, and passed round the point of a spur of the mountain that projected down near to the river. That the accident in question happened the 21st or 22d day of February, 1850. That in the summer and fall of the year 1849, the Vermont Central Railroad Company located and constructed their road along and near said highway in such a manner, as that said railroad entered upon and occupied said highway at a point on the east side of said spur of the mountain, and thence westward to a point about 98 rods therefrom, and on the west slope of said mountain spur, making an embankment at the eastern point of intersection of from forty

to sixty feet, and also a lesser embankment on the west end of such occupation, and utterly obstructing and occupying said highway the whole of said 98 rods, so that there was no means of passing practicably between said railroad and said river. That said railroad passed through said spur in a cut or excavation some fifteen to twenty feet deep on the upper side. That the said corporation, on occupying the said highway as aforesaid, made a way or road south of the said railroad line, and over said mountain spur, and near to their line, so as to connect the two points of said highway a distance of about 98 rods at which it had been so interrupted and occupied, which was the only way for teams to pass between said two points from early in the fall of 1849 to the 22d day of February, 1850, and during that time was so used. And the accident happened on said piece of new road so constructed by said railroad corporation, and at a point some forty rods east of the west end of said new road or way.

There was no evidence, that the town had ever recognized said new way, or done any act in connection therewith to adopt it, as a public highway, or applied to the commissioners to act on the subject; but the contrary did expressly appear. Most of the old highway interrupted lay north of the centre of said railroad.

The evidence tended to show, that part of the new way where the accident happened was insufficient, and that such insufficiency caused the accident.

The defendant offered, in connection with the charter of the Vermont Central Railroad Company, to prove that when said railroad company commenced building their said road and was making such obstruction, their right to do so was resisted by the town of Duxbury, who once removed the obstructions; and that the railroad company then threatened them with violence, and did in fact by superior force proceed to locate and build the road, as before stated, and that the same was by said railroad company claimed to be so done under the authority of their said charter, and that said town had at all times endeavored to prevent the same all in their power, and that said new road was wholly designed and constructed by the railroad company, and was on the private lands of one Davis, and without the advice or concurrence or assent of the town, and against their will, and that the same was never accepted by the town, or the selectmen, nor commis-

sioners in the manner provided by law, and that the same was unfit to be so accepted, and that the town never had in any manner the remotest connection with said new road or way, or in any manner adopted the same.

But the court excluded the evidence and charged the jury among other things, that it was the duty of the town to have prevented the said obstructions, and if the railroad company did so obstruct the highway, it was the duty of the town to provide a sufficient by-way for travelers, and that for the insufficiency of which by-way the town was responsible.

The jury returned a verdict for the plaintiff.

The defendants after verdict moved an arrest of judgment, on the ground that there is no evidence in the case to warrant a verdict on either count for the plaintiff, and that the whole declaration is insufficient in law to sustain the verdict, which is a general verdict applicable to the whole declaration and founded on all the counts.

The court overruled the motion and rendered judgment on the verdict. To which the defendants excepted.

*Kasson & Edmunds* for the defendants.

1. The railroad company was authorized to construct its road so as to absorb and extinguish the highway at the point in question. Acts of 1843, p. 43, Sec. 7 and 10. *Roxbury* v. *Worcester Turnpike Co.,* 2 Pick. R. 40. *White R. Turn. Co.* v. *Vt. Central Railroad Co.,* 21 Vt. R. 590. *Commonwealth* v. *Worcester Turn. Co.,* 3 Pick. 327. *State* v. *Hampton,* 2 New H. R. 22. *Farmers' Turn. Co.* v. *Coventry,* 10 Johns. 389.

2. This permanent and entire occupation of the highway, operates as a discontinuance of it. When the highway was taken and appropriated, as stated in the case, it ceased to be the *"highway" of the town,* and no one could legally exercise dominion over it, save the railroad company. *Tinker* v. *Russell,* 14 Pick. R. 279. *Commonwealth* v. *Westborough,* 3 Mass. R. 406.

And, if discontinued, of course the "highway" could not have been "insufficient."

3. The rule is that *the locus,* where the injury happens, *must be the highway of the town.* Statute. *Lowell* v. *Moscow,* Maine R. 3 Fairfield 300. *Blodgett* v. *Royalton,* 14 Vt. 288. *Young* v. *Wheelock,* 18 Vt. 493.

If the *locus* was the "highway" of the town, Davis could have been indicted for obstructing it; but upon the facts in the case, Davis had a legal right to fence it up, because he had not been deprived of his land according to law, therefore it was not a highway.

4. Suppose, what is not true, that the town was bound to provide a suitable by-way, did the construction of a by-way which the town refused to sanction, in any manner, make such by-way the "highway" of the town? *Commonwealth* v. *Charlestown*, 1 Pick. R. 180. *Paige* v. *Weathersfield*, 13 Vt. 424.

5. Could the town have entered, in its own right, upon the land of Davis, and constructed or repaired the by-way, without laying out a "way" as provided by law, without committing a trespass? *Warren* v. *Bunnell*, 11 Vt. 600.

6. The charter of the railroad company required a "restoration" to the "acceptance" of the selectmen, &c. This has not been made. How, then, can the railroad company foist this by-way upon the town, without complying with this condition? Even in the case of town or county roads, the town is not liable for their defects until they are adopted. *Lowell* v. *Moscow, Young* v. *Wheelock, Blodgett* v. *Royalton*, cited *ante*.

7. Could the town have been indicted, upon the facts stated, for not keeping this by-way in repair? If it could, it must be upon the ground, not only that the old way was discontinued, for no one contends that there were *two* highways side by side, at that point, but, that the by-way was the "highway" of the town.

8. Nothing less than propagandism in the law, can as we conceive, extend any legal principle or decision, to the maintenance of this action. The doctrine that is distorted and tortured into aid of this action had its origin in *Currier* v. *Lowell*, 16 Pick.

9. The railroad company had no right to build this by-way, except under the conditions of its charter, requiring appraisal and payment before occupation. By the case, then, it appears that all concerned in the construction and maintenance of this *via incognita altioris legis*, were all the time guilty of a high-handed and illegal outrage upon the rights of Davis, the land owner, and this defendant is to be punished for refusing to become a party to it, for no court will presume that land has been rightfully wrested from its owner until it affirmatively appears that the conditions of

the law have been fulfilled.    *Commonwealth* v. *Coombs*, 2 Mass. 489.    *Gilbert* v. *Columbia  Turn.  Co.*, 3 Johns. R. 107.

Besides, it expressly appears that this by-way was on the private lands of Davis.    Davis, then, had a right to shut up this by-way at the time of the accident, therefore it was not a "highway" that the town was bound to repair.    *Blodgett* v. *Royalton*, and cases *ante*.

As to motion in arrest, the 3d count is bad as showing the accident to have happened on the *by-way*, and not on a public *highway*, which the town was liable to repair; and the case shows that the facts were applicable to that count alone.    Under the other two counts the facts would constitute a variance.

*Barber & Bushnell* and *J. Pierpoint* for the plaintiff.

1. The charge of the court, as to the liability of the town, was correct.

The rights and duties of the town as applicable to this case, are defined by the 8th Section of the act of 1846.

The towns are liable for the sufficiency and maintenance of their roads, by the general law of the State.    The railroad act has no provision exonerating them from this liability, or making the railroad company liable to the party injured, for any insufficiency of the highway, or the new way, which they may construct.

The fact that the railroad company undertake to build a new road, does not release the town from the liability to see that it is made such as the law requires for the safety of travelers.    It is to be built to "*the acceptance of the selectmen*," and if not done to their acceptance, it is their business to see that it is done as the commissioners shall decide the "*just rights of the town and the public interest* shall *require*."    Were it otherwise, and the town was only liable after the selectmen had accepted it, or the commissioners had made their order upon the company, without any action on the part of the selectmen to compel the company to make the road, the town might escape liability forever, by refusing to do anything.

It was the business of the town to have shut up the highway until they were prepared to take the responsibility of the travel over it.    By suffering it to remain open and connecting with the new road, they invited the public to travel upon it, as an apparent

public highway, for which the town was responsible. By so doing they adopted it as a highway of the town, so far as the public were concerned; therefore liable for all injuries which happen by reason of its insufficiency.

The primary liability of the town is not varied by the powers given to the railroad company, and if the highway is obstructed, it is the business of the town either to remove the obstructions, or see that a suitable and sufficient substitute for the highway is provided by the railroad company or by themselves, and any neglect on their part to do this, which results in an injury to a traveler without his fault, the town are responsible for, as for the insufficiency of the highway. *Willard* v. *Newbury,* 22 Vt. R. 458, *Currier* v. *Lowell,* 16 Pick. R. 170.

The railroad company are responsible to the town for all the loss and damage occasioned by their neglect to make the new road as provided by law. *Lowell* v. *Lowell & Boston Railroad Co.,* 23 Pick. 24.

2. The motion in arrest was properly overruled. The sufficiency of the declaration is to be determined by inspection of the declaration by the court. We claim that a legal ground of recovery is set forth in each count of this declaration; if so, it is no matter whether the proof applied to one or all. It is the ordinary case of a declaration framed to meet different states of fact.

If any count in the declaration is good, the court will presume that the finding of the jury was on that count, unless it appears that their finding was on the defective count. *Cump* v. *Barker,* 21 Vt. R. 469.

The opinion of the court was delivered by

REDFIELD, J. We have examined this case with some care, and have not been able to discover any good ground to distinguish it from that of *Willard* v. *Newbury,* in its principle. The facts are indeed somewhat different. But it seems to us the facts in that case were far more favorable to the town than in the present case. That portion of the road, in that case, where the injury occurred, was, for the time, altogether discontinued, and fenced up by the railroad, with the concurrence of the town authorities. And there was no possible mode in which this fence could have been kept up, except by the town trusting to the servants of the

railroad to put it up, as they from time to time took it down to draw stone upon it to carry on their work, which they had the legal right to do; or else, by keeping an agent for this exclusive object constantly in the employ of the town.   And still, notwithstanding this barrier was left down for that night only, by the mere neglect of the agents of the railroad, the town were held liable to the traveler who was injured through that neglect; thus making the town *primarily* responsible for the neglect of the servants of the railroad.   In effect, saying to the town, the public have a right to look to you for a safe road, and if you trust to the servants of the railroad to keep up such barriers as it is your duty to keep up, their neglect, as between you and the traveler, is your neglect.

And further, it was held by this court, at the last term in Orange county, in the suit, *Newbury* v. *The Railroad Co.*, that the company was liable for the amount paid by the town for the neglect of the agents and servants of the railroad, and such costs as accrued in consequence of litigating the question, upon this ground, as this portion of the expense was incurred virtually for the benefit of the railroad company.

We think, then, it must now be regarded as settled law, in this State, that the primary obligation rests upon the towns, where railroads obstruct their highways, "to see that the public have a proper by-way to pass around the obstruction, and that proper obstructions were placed and kept up, to divert the travel from such highway or by-way, so long as they remain in an unfit state for the public use, so far as this could be done by common care and diligence," and that it is not competent for the town to fold their hands and shift this responsibility upon others, whether natural or artificial persons.

This is almost in the very terms of the charge of the county court, in the case of *Willard* v. *Newbury*, 22 Vt. R. 460, 461, and the supreme court say in that case, 465 p., that the question of "care and diligence" on the part of the town, "was properly submitted to the jury and *under suitable instructions from the court below;*" thus endorsing the charge to the fullest extent.   And the rule laid down in that case, as applied to this case could leave no doubt of the correctness of the charge in the court below.

How far this rule is consistent with the decided cases in other

States, it is needless now to enquire. We entertain no doubt upon that subject, and if we did, we should not feel at liberty to disregard the solemn determinations of this court, upon the very point, in so recent a case, upon such mature consideration, and so elaborately discussed at the bar, and so satisfactorily reported, and where we entertain no doubt of the satisfactory character of the general principles of reason and policy upon which it is founded.

Whether the town is held liable upon the adoption of the by-way as a part of the highway by acquiescence, (which is the truth of the case, no doubt,) or for not making a suitable by-way and putting up suitable guards to notify the traveler of his danger, until that was done, is important only as to the form of declaring. And the third count in this declaration may be regarded as setting out the very facts in the case, and referring it to the court to put the legal construction upon them, which might in some cases be regarded as insufficient, upon special demurrer, but always sufficient upon motion in arrest of judgment after verdict.

It seems to us that all the counts in the declaration may be regarded as sufficient after verdict, and the third count is certainly proved. And if it were necessary we might say the same of the other counts, but that is more questionable.

It is doubtful whether such a by-way can be regarded as a portion of the *highway*, even if made by the town. It is an open public way for the time being, and as such required to be kept in a certain state of repair, but how far it is to be regarded as one of the public highways of the town, must depend upon circumstances and time, no doubt.

But the consideration that this was made by the railroad company, or that the railroad company were bound to have made it more safe before obstructing the former highway, is nothing with which the traveler has any concern. He is not bound to inquire who makes the by-ways, or by what authority obstructions are put upon the highway. But towns, after having reasonable notice of the existence of obstructions in their highways, are bound to remove them or make safe by-ways to pass round them, or see to it that they are properly made by others, in order to exonerate themselves from liability to those who have occasion to travel. There is in law no necessary privity between the traveler and any one but the towns, as to the sufficiency of the highways.

Batty *v.* Duxbury.

The towns must look to those who obstruct their highways, and take measures to obtain redress for such injuries.

                                This judgment must be affirmed.

NOTE BY REDFIELD, J.   The following is an abstract of the cases cited in the argument by defendants' counsel, but it seems to the court, they have but a remote bearing upon the question before us.   And we should scarcely feel justified in taking time to discuss them in detail.   *Roxbury* v. *Worcester Turnpike Co.*, 2 Pick. 40, is a case of assumpsit to recover for repairing a portion of the highway over which the turnpike company had laid their road.   The court held it a mere voluntary courtesy and denied the remedy.

*Commonwealth* v. *same*, 3 Pick. 327, is an indictment to compel the turnpike company to repair this portion of the road, and the court held them liable.

*State* v. *Hampton*, 2 New H. R. 22.   This was a prosecution against the town for not keeping an old highway in repair, over which the State had given leave to a corporation to build a causeway.   Held, a discontinuance of the town highway, and the town no longer liable to repair.

*People* v. *Denslow*, 1 Cain's R. 179.   This is where a turnpike company laid their road across or along over an old highway, and erected a gate upon the old highway.   The defendant was the gate-keeper.   They had express permission in their charter to erect a gate near a certain house, and this gate was near that house, and held a fair exercise of the power and act which the legislature could confer.

*Farmers' T. Co.* v. *Coventry*, 10 Johns. R. 389.   Toll-gates may be erected upon an old highway which is taken for the turnpike company, if so laid within the charter.

Is there any such privity between the plaintiff and the railroad company, as to entitle him to sue for special damages, without some special statute? or is the privity between the towns and the railroad company? or is the railroad company liable both to the towns and individuals?

*Tinker* v. *Russell*, 14 Pick. R. 279.   The canal company had taken the entire road and completely obstructed the highway, and so it remained some years, till a road seven or eight feet wide was made by the neighbors, and the highway surveyor of that district.   Plaintiff was injured, and sued the town.   The court held the road discontinued by the grant to the canal company and their act under it.   This case is *per cura* and so briefly reported as to afford but slight grounds.

*Com.* v. *Westborough*, 3 Mass. R. 406.   *Certiorari* for discontinuing road by laying a new one, when there is nothing in the petition for discontinuance.   Held, laying a new road which renders the old unnecessary, is a discontinuance of the old.

*Lowell* v. *Town of Moscow*, Maine R. 3 Fairfield 300.   The injury happened on a temporary road to get round an obstruction in the old highway.   If the town were obliged to keep the point of road open as a highway, the new road was laid out as a substitute for the old highway, and the time had not expired for opening the new road, and the town were still bound to keep the old road in repair for the purposes of public travel.   This is very much like *Young* v. *Wheelock* in our Reports, and since others.   The liability of the town had not altered.

Was the traveler bound to make inquiries in regard to the road being a public highway, before going upon the same, there being no other possible mode of getting on? or after the injury, is he to be turned over to the railroad corporation, or their

servants? Might not a similar rule with equal propriety be extended to the case of a mere tort, by which the road is rendered dangerous?

*Commonwealth* v. *Charlestown*, 1 Pick, R. 180. Inhabitants not bound to repair a newly erected bridge over an arm of the sea, an obstruction to the navigation, and so a nuisance.

It is said the road should have been either formally opened, or in some way adopted by the town. But suppose they never do this, and the public officers never take steps to compel such adoption; then of course the traveler is to be turned over to the railroad corporation for redress and security, and as to this portion of the road the result is that the railroad corporation are alone liable for the first building of the road, and no one is bound to keep it in repair. The town and the railroad corporation may never agree as to the by-road. Shall it follow that no one is liable for repair?

*Baxter* v. *Winooski T. Co.*, 22 Vt. R. 114. No action will lie, for not building sufficient roads for the public to use, but resort must be had to indictment. But that is not this case.