CASE 5—PETITION ORDINARY—DECEMBER 9.

# Corbin, &c., vs. Commonwealth.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. The answer must contain a denial of *each allegation* of the petition controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. And every material allegation of the petition not *specifically controverted* by the answer, must, for the purposes of the action, be taken as true.

2. The petition set out facts sufficient to constitute a cause of action against the defendants. They answer, and allege that they have "no knowledge of any of the facts set up in the petition as the foundation of the plaintiff's claim, and no means of forming a belief, and, therefore, deny them all, and require proof." *Held*—That the denials of the answer present no obstacle to the recovery sought by the plaintiff; and that other matters of defense set up in the answer, inconsistent with the facts thus impliedly admitted, are unavailing.

BRECKINRIDGE and BECK, for appellants, cited *Easton vs. January, MS. opin. June,* 1853.

A. J. JAMES, Attorney General, for Commonwealth.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT :

The Commonwealth brought this action against Corbin and wife to recover the possession of a house and lot in the city of Lexington.

It is alleged in the petition that in the year 1808 the lot in contest was conveyed by Thomas Bodley, who was then the owner thereof, to a free man of color named Bundey, who continued to be the owner of the same up to the time of his death ;

that Bundey died intestate, and without legal heirs, or representatives, or distributees, who could inherit from him, whereby the plaintiff became the owner of said lot, of which the defendants were in possession.

The deed from Bodley to Bundey is exhibited with the petition.

In an amended petition it is alleged that the wife of Corbin sets up a claim to the lot under a conveyance from the sheriff of Fayette county, and she is made a defendant.

The defendants answer, alleging that they have "no knowledge of any of the facts set up in the petition as the foundation of the plaintiff's claim, and no means of forming a belief, and, therefore, deny them all, and require proof;" and Mrs. Corbin insists upon her claim to the property by virtue of the sheriff's deed referred to in the amended petition, " and of possession through herself and her grandmother."

The only material question in the case is, whether the general denials contained in the answer are sufficient to put in issue the facts stated in the petition.

By the Civil Code (*sec.* 125) it is provided that the answer shall contain " a denial of *each allegation* of the petition controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." And " every material allegation of the petition not *specifically controverted* by the answer," must, for the purposes of the action, be taken as true. (*Sec.* 153.)

Tested by these rules, it is clear that the denials of the answer in this case presented no obstacle to the recovery sought by the plaintiff.

There is no specific denial of the alleged fact that Bodley conveyed the lot in contest to Bundey in 1808; or that Bundey continued to be the owner of the lot up to the time of his death; or that the latter died intestate, without legal heirs capable of inheriting from him. Each of these allegations must, therefore, for the purposes of the action, be taken as true; and the legal consequence is, that they establish, beyond dispute, the plaintiff's right to the property.

The matters of defense set up in the answer being inconsistent with the facts thus impliedly admitted, must be regarded as wholly unavailing, even if they had been sustained by the proof.

The judgment is affirmed.