## SIMEON N. FROST *vs.* SETH GAGE.

One who receives an assignment of property in trust, to be disposed of and distributed among the creditors of the assignor, of whose names he is informed, and who accepts the trust and fully executes it with the exception of paying the share of one of the creditors so named to him, is liable to such creditor, after demand and refusal, in an action for his proportionate share, although he has never promised to pay the same, or executed the assignment, or expressly covenanted to execute the trust.

CONTRACT.   The first count was for money received by the defendant to the plaintiff's use.   The second count set forth

that Richard Frost made an assignment under seal of certain property to the defendant, in trust to be converted into money, and, after deducting expenses and reasonable charges, to be distributed ratably among all his creditors; that the defendant under seal agreed to execute the trust; that no copy of said assignment was annexed, because the same was not within the control of the plaintiff; that the creditors of Frost, of whom the plaintiff ·was one, agreed to receive their proportions of the proceeds of the property assigned in full of their respective claims; that the defendant had wholly executed the trust with the exception of paying to the plaintiff his proportion of the proceeds of the property.

At the trial in the superior court, after proving that the assignment was in the defendant's hands, and a notice to him to produce it, the plaintiff offered evidence of its contents and of the defendant's acts under it; that the defendant was informed by Frost of the names of all his creditors, including the plaintiff, and of the several amounts due to them; that he had paid to them all, with the exception of the plaintiff, their respective shares; and that upon several occasions he had promised to pay the plaintiff's share to him. At this stage of the trial the defendant, without objection, produced and put into the case the assignment, by which it appeared that the defendant had not signed the same; and the defendant objected that the action could not be maintained, (1.) because the plaintiff's proper remedy, if any, was in equity, under *St.* 1853, *c.* 371; (2.) because no bill of particulars was filed with the first count; (3.) because the second count contained no allegation of any promise by the defendant to pay the plaintiff. *Vose,* J., overruled the first objection, and sustained the other two, stating to the plaintiff that he might amend upon terms, which the plaintiff declined to do. A verdict was returned for the defendant, and the plaintiff alleged exceptions.

*A. F. L. Norris,* for the plaintiff.

*W. P. Webster,* for the defendant.

Bigelow, C. J. The facts proved in this case bring it clearly within *Arnold* v. *Lyman,* 17 Mass. 400, *Hall* v. *Marston,* Ib.

575, *Carnegie* v. *Morrison*, 2 Met. 381, and others of the same class, the authority and correctness of which have been recognized and confirmed in the recent cases of *Miller* v. *Whipple*, 1 Gray, 317, and *Dow* v. *Clark*, 7 Gray, 198. The defendant did not execute any instrument under seal by which he covenanted to perform the trust on which he received the property conveyed to him. But he accepted the trust, and proceeded to execute it by selling the property, converting it into money, and paying all the creditors of the assignor except the plaintiff, to whom, on demand duly made, he has refused to pay the share of the money in his hands belonging to the plaintiff. On these facts the plaintiff was clearly entitled to recover. No special promise was necessary to render the defendant liable in this action. Therefore the objection to the second count in the declaration, that there is no allegation of any promise by the defendant, cannot prevail. The law creates the privity and implies the promise. *Hall* v. *Marston, ubi supra.*

The case does not come within *Dow* v. *Clark*, above cited, because it appears that the defendant, when he accepted the trust, was informed of the names of all the creditors of the assignor, and knew to whom he would be liable by reason of his taking on himself the execution of the trust. Besides ; the facts show that the defendant had paid to all the other creditors their share of the money received by him under the assignment, leaving only the plaintiff unpaid. The parties in interest are therefore reduced to the plaintiff and defendant. In this respect the case comes within *Fitch* v. *Workam*, 9 Met. 517.

There may have been objections to the second count in the declaration which were not taken at the trial. These we have not considered, because the defendant must be confined to those which are stated in the exceptions.         *Exceptions sustained.*