PROPRIETORS OF LOCKS AND CANALS ON MERRIMACK RIVER
*vs.* LOWELL HORSE RAILROAD CORPORATION.

A street railway corporation, whose charter requires it to repair such portions of all bridges in a city as are occupied by its tracks, is bound to repair such a portion of a bridge which the owner of a canal has built over the canal, and which, as against the city, he is bound to repair; and if, on his refusal, the city makes such repairs, and recovers judgment against him for the expense thereof and costs, he can recover from the corporation the amount of the damages recovered by the city against him, but not the costs, unless he defended the suit at the request of the corporation, or for its benefit, or after notice to it to come in and defend.

CONTRACT. The case was submitted to the judgment of the court on facts agreed substantially as follows :

The plaintiffs, owning the fee of a highway in Lowell, constructed a canal, called the Western Canal, across it, built a bridge over the canal, and have always maintained the bridge as

---

part of the highway. The defendants, in 1863, under authority of the St. of 1863, *c.* 172, and an order of the board of aldermen of the city of Lowell, located their track over the bridge, and have since maintained it there. Said order provided that, " on all such road that shall be constructed, the entire space covering the inside of the tracks and turnouts, and to the full extent of eighteen inches outside of the rails, shall be maintained, and at all times kept in good repair and suitable condition for public travel," by the defendants. In 1867 that portion of the bridge occupied by the defendants' track, and within eighteen inches on each side thereof, became out of repair ; the plaintiffs and defendants both refused to repair ; and thereupon the city of Lowell made the repairs, which consisted in putting in new surface planking, underplanking and stringers. These repairs were necessary to make the bridge safe for public travel, and the amount expended on them was reasonable. The city then brought suit against the plaintiffs to recover the expense, (see 104 Mass. 18,) and recovered judgment for damages and costs, which the plaintiffs paid. They then demanded repayment from the defendants, and the defendants refused.

The plaintiffs, also owning the fee of another highway in Lowell, constructed a canal, called the Eastern Canal, across it, built a bridge over the canal, and have always maintained the bridge as part of the highway. The defendants, in 1863, under the authority aforesaid, located their track over this bridge, and have since maintained it there. In 1870, the planking and stringers of the bridge, within that portion of the bridge occupied by the defendants' track and eighteen inches on each side thereof, became out of repair and unsafe ; the city authorities notified the plaintiffs to repair, the plaintiffs notified the defendants to repair, the defendants refused, and the plaintiffs made the repairs at a reasonable expense.

If the plaintiffs were entitled to recover of the defendants any portion of said judgment, or of the expenses of said repairs, judgment was to be rendered for them therefor ; otherwise for the defendants.

*A. P. Bonney*, for the plaintiffs.

*T. H. Sweetser & W. S. Gardner*, for the defendants.

COLT, J.   The plaintiffs constructed their canal, known as the Western Canal, across a highway in the city of Lowell, and were held by this court to be responsible in the first instance to the city for money expended in repairing the bridge over it.   *Lowell v. Proprietors of Locks & Canals*, 104 Mass. 18.   It was not necessary in that case to decide whether the present defendants would be liable over to the plaintiffs for the amount recovered, being for expenditures on that portion of the bridge occupied by their tracks.   That question is now presented.

After the bridge was built, the defendants located and constructed their track over it, under a charter which, in one section of it, required them to " keep and maintain in repair such portion of all streets, highways and bridges as shall be occupied by their tracks ; " St. 1863, *c.* 172, § 7 ; * and also under an order of the mayor and aldermen of the city, authorizing the location of the road, by the terms of which they were required to keep in repair the space between the tracks, and to the extent of eighteen inches outside the rails, " on all such road that shall be constructed."

It is contended that this section in the charter, and the order of the city authorities, refer only to public bridges which the city may be solely bound to keep in repair.   The words " all bridges " are certainly broad enough to include a bridge within the highway, erected over an artificial watercourse for the convenience of public travel, the burden of maintaining which is upon the private person or corporation for whose use the watercourse was made.   We do not find anything in the charter to limit their

---

* " Said corporation shall keep and maintain in repair such portion of all streets, highways and bridges, as shall be occupied by their tracks, and shall be liable for any loss or injury that any person may sustain by reason of any carelessness, neglect or misconduct of the officers, agents or servants, in the construction, management, or use of said tracks or road ; and in case any recovery shall be had against said city of Lowell, by reason of any defect, want of repair, or use of said tracks or road, said corporation shall be liable to pay to said city any sum thus recovered, together with all costs and reasonable   .
expenditures incurred by said city in the defence of any suit in which said recovery shall be had."

effect, or to justify the claim that the section in which they occur treats only of the defendants' relation to the city, and not to other parties who may own bridges or who are bound to repair them. By the St. of 1866, *c.* 286, this duty upon street railways of repairing the streets, roads and bridges must be discharged to the satisfaction of the proper officer having charge of the streets and highways, and the railway corporation is made liable over to the city or town, in case any recovery is had for any defect or want of repair, upon notice and opportunity to assume the defence of the suit. A clause similar to the last clause in the above is incorporated in the section of the defendants' charter now under consideration. But these provisions do not support the defendants' construction. They imply that, notwithstanding the duty to repair is on the defendants, yet the city is not relieved from its obligations to the traveller to keep the whole of the streets and all the bridges, over which a horse railway is located, safe and convenient for public travel; and declare in addition the familiar common law responsibility of the railroad to the city for neglect in the discharge of its duty, by which the city may have suffered damage — a responsibility which may be enforced upon the same principles against the railroad in favor of the plaintiffs. The statute in our opinion embraces every description of bridge. *Woburn* v. *Henshaw*, 101 Mass. 193. This construction is reasonable. It is equitable that the owner of the fee should be proportionately relieved from maintaining private bridges for a new and unanticipated use, involving greater wear and expense and to some extent their exclusive appropriation.

The duty thus imposed upon the defendants of repairing part of a bridge the whole of which, as between them and the city, the plaintiffs were obliged to maintain, was an obligation to do that which would be a benefit to the plaintiffs, assumed by the railroad corporation in the acceptance of their charter. And the plaintiffs, having been obliged to meet their liability to the city through the neglect of the defendants, are entitled to recover the amount paid in discharge of it. The duty created by law establishes the privity and implies the promise and obligation on which this action is founded. *Carnegie* v. *Morrison*, 2 Met. 381, 396. *Brewer* v *Dyer*, 7 Cush. 337. Met. Con. 205.

The case finds that the money expended by the city for the repair of that part of the bridge occupied by the railroad tracks was reasonable, and that the repairs were necessary; for this amount judgment for damages was recovered against the plaintiffs; and this amount the plaintiffs are entitled to recover in this action. But the plaintiffs are not entitled to recover the costs paid by them to the city in that action, in the absence of evidence that it was defended at the request of the defendants, or for their benefit, or after notice and refusal on their part to come in and defend. *Lowell* v. *Boston & Lowell Railroad Co.* 23 Pick. 24, 35. *Hadsell* v. *Hancock*, 3 Gray, 526.

The money expended by the plaintiffs, upon the demand of the city authorities, in the repair of the bridge over the Eastern Canal, is also to be recovered of the defendants upon the grounds here stated.                     *Judgment for the plaintiffs.*