JOHN H. WATSON *vs.* BENJAMIN TRIPP, City Treasurer of the City of Providence.

The charter of a company operating cars drawn by horse power upon tracks laid in the streets of the city of Providence provides that "said corporation shall put all streets and highways, and every portion thereof, over or through which they shall lay any rails, in as good condition as they were before the same were laid; and they shall keep and maintain in repair such portions of the streets and highways as shall be occupied by their tracks, and shall be liable for any loss or injury that any person shall sustain by reason of any carelessness, neglect, or misconduct of its agents and servants, in the management, construction, or use of said tracks or streets; and in case any damage shall be recovered against said towns or the said city, by reason of any such misconduct, defect, or want of repairs, said corporation shall be liable to pay to such towns and city respectively any sums thus recovered against them, together with all costs and reasonable expenditures incurred by them respectively in the defence of any such suit or suits, in which recovery may be had; and said corporation shall not incumber any portion of the streets or highways not occupied by said tracks." In an action against the city to recover damages for injuries caused by a defective highway, which was made unsafe by work done by the railroad company on its track : —

*Held,* that the city was liable for neglecting to keep its streets safe and convenient for public travel.

*Held,* further, that the duty, resting upon a town or city, to keep its highways safe and convenient, is a public duty, and that it has no power, unless authorized by statute, to divest itself, either by contract or ordinance, of its capacity to discharge this duty.

*Semble,* that the liability of the railroad company, as above stated, is a matter which may be considered by the jury in determining whether or not the city has been guilty of any culpable neglect or want of reasonable care.

A court, even though it may not agree with the conclusions drawn from conflicting evidence by a jury, ought not, without very weighty reasons, to disturb the verdict found.

Jurors who are excluded by the common law on account of an interest in the suit are not qualified to serve by Gen. Stat. R. I. cap. 189, §§ 1, 2.

DEFENDANT'S PETITION for a new trial.

*December*, 26, 1874. DURFEE, J. This is a motion for the new trial of an action in which the plaintiff has recovered a verdict for damages against the city of Providence, for the alleged neglect of the city to keep one of its streets safe for the public travel. The first ground assigned for a new trial is the exclusion of certain jurors from sitting as such in the trial of the case, because they were tax-payers in the city. The defendant admits that at common law such an interest would disqualify a juror, but claims that the common law has been changed by statute. Gen. Stat. R. I. cap. 189, §§ 1 and 2. The first of the two sections referred to declares who shall be liable to serve as jurors; the second, who shall be exempt from service. The two sections are obviously designed to define the liability to jury service as a gen-

eral duty, and not with reference to specific cases. The provisions have long existed without change, except in the list of exemptions. The practice has always been to inquire of the jury, when empanelled, if any one of them has formed or expressed an opinion, or is related to either of the parties, or is interested in the event of the suit; and to excuse any juror who answers either of the questions in the affirmative. If the defendant's view is correct, the practice is erroneous. We think the defendant's·view is not correct. A person may be liable to jury service under the statute, and yet be disqualified from service in a particular case by reason of interest, relationship, or the bias of an opinion already formed or expressed. The very jurors who were excused from service in this case, because they were interested as tax-payers in its decision, were nevertheless liable to service in other cases, and doubtless performed it. The first ground assigned for a new trial cannot be sustained.

The second ground is a ruling in regard to the liability of the city of Providence. It appeared in evidence that the defect in the street, which was complained of by the plaintiff, was caused by work doing upon a railway track laid in the street by the Union Railroad Company. The charter of the company contains the following provision: —

" Said corporation shall put all streets and highways, and every portion thereof, over or through which they shall lay any rails, in as good condition as they were before the same were laid; and they shall keep and maintain in repair such portions of the streets and highways as shall be occupied by their tracks, and shall be liable for any loss or injury that any person shall sustain by reason of any carelessness, neglect, or misconduct of its agents and servants, in the management, construction, or use of said tracks or streets; and in case any damage shall be recovered against said towns or the said city, by reason ·of any such misconduct, defect, or want of repairs, said corporation shall be liable to pay to such towns and city respectively any sums thus recovered against them, together with all costs and reasonable expenditures incurred by them respectively in the defence of any such suit or suits, in which recovery may be had; and said corporation shall not incumber any portion of the streets, or highways, not occupied by said tracks."

The counsel for the defendant claims that the effect of this provision is not only to charge the company with the duty of keeping in repair such portions of a street as they occupy, but also to discharge the city, and, on the trial, he requested the court so to rule. The court refused to comply with this request. This refusal is assigned as a second ground for new trial.

The provision contains within itself convincing evidence that the construction contended for was not contemplated by the legislature. It provides that in case any damage is recovered of the city for any such defect or want of repair, the company shall be liable to reimburse it. If, however, the city were relieved from the duty of repairing, no judgment could be recovered against it for not repairing. The counsel suggests that, though the city is relieved, it is not so absolutely relieved but that it may be liable where the company is guilty of a persistent neglect which is brought to the notice of the city, and that the remedy over is given in view of a case of that kind. If this be so, it does not follow that the court has erred; for the court was requested to rule that the liability of the city was, not simply qualified, but discharged. The suggestion is, however, in our opinion inadmissible, except, perhaps, to this extent: That the liability of the company is a matter which may be considered by the jury in determining whether or not the city has been guilty of any culpable neglect or want of reasonable care. We think the provision charges the company with a duty which, if duly performed, so far relieves the city, and with a responsibility which, if the duty is neglected, secures the city against damages, but at the same time leaves the liability of the city *towards the public* without qualification except as above indicated. The duty of keeping a street safe and convenient is not so exclusive that it may not be obligatory on both the city and the company. Instances often occur in which such a duty is common to a city or town, and an individual or corporation. Thus a man may lawfully deposit his wood or coal upon a sidewalk for a short time while in transit to its place of storage. But he must remove it, and, if he neglects, the city must remove it, without unreasonable delay. If the removal is neglected, and any person is injured in consequence, such person may sue either the city or the individual; and the city, if sued, cannot excuse itself upon the ground that it

was the duty of the person who created the obstruction to remove it, though it may recover of such person the damages to which it is subjected. So where a railroad company is charged with the duty of repairs, it has been held that the town may still be bound. In *Currier* v. *Lowell*, 16 Pick. 170, a railroad company, when crossing a highway with its road, was required so to construct its road as not to obstruct the safe and convenient use of the highway. The statute also provided that the company might raise or lower the highway ; and that, if the highway should not be so raised or lowered as to be satisfactory to the selectmen of the town, the selectmen might require the company, in writing, to make alterations, and that, if the company neglected to comply, the selectmen might make the alterations and recover indemnity from the company. The plaintiff in passing on a highway was thrown into an excavation made in the highway by the company. The town was held not to have been relieved of its liability. So in *Willard* v. *Newbury*, 22 Vt. 458, it was held in a similar case that the town was not absolved from liability. And see *Batty* v. *Duxbury*, 24 Vt. 155.

In *Vinal* v. *Dorchester*, 7 Gray, 421, the case of *Currier* v. *Lowell* is said to carry the liability of towns to its extreme limit. In later cases in Massachusetts it has been held that the town is relieved when an individual or corporation is charged with the duty of maintenance and repair. *Sawyer* v. *Northfield*, 7 Cush. 490 ; *Davis* v. *Leominster*, 1 Allen, 182 ; *White* v. *Quincy*, 97 Mass. 430. This exemption, however, is placed upon the ground that by the present statute of that state the liability is not absolute, but qualified, and does not arise where other sufficient provision for repair is made. In this state the liability is not subject to any such qualification.

In *Lowell* v. *Proprietors of Locks & Canals*, 104 Mass. 18, and *Proprietors of Locks & Canals* v. *Lowell Horse Railroad Corporation*, 109 Mass. 221, the Supreme Judicial Court of Massachusetts had occasion to pass upon a statute similar to the statute under which the defendant claims exemption. The court was of the opinion that the city was not relieved by the statute. " It authorizes," says the court, " for the public benefit, the use of the highway for a particular mode of travel on certain conditions. The city may enforce the performance of the conditions ; but all

the provisions of the statute imply that the city is primarily liable for want of repair." 104 Mass. 23.

In *City of Philadelphia* v. *Weller*, 1 Leg. Gaz. Rep. 400, an action was brought against the city of Philadelphia for an injury resulting in death, occasioned by a hole between the tracks of the Richmond & Schuylkill Passenger Railway Company, on Girard Avenue. The company was chartered subject to the city ordinances, one of which provided that all railroad companies should be at the expense of maintaining and repairing any street occupied by them. It was claimed on the part of the city that the railroad company was primarily and exclusively liable for the accident. But the court held that city and company were both liable, and that, whichever was sued, the action could be maintained,

We think, in view of these authorities and of the implication contained in the provision cited, we cannot decide that the city of Providence, in so far as any portion of its streets is in the occupation of the Union Railroad Company, is, to that extent, discharged of its liability to keep them safe and convenient for the public travel. The second exception is, therefore, overruled.

The petition for a new trial alleges other exceptions. We are, however, of the opinion that the exceptions alleged cannot be sustained. They rest upon the claim that certain ordinances, under which the street was occupied by the railroad company with their rails, constitute a contract with the company, and that, by virtue thereof, the city has no power to remove any nuisance or obstruction in that portion of the street which is occupied by the railroad track without previous notice to the company to remove the same and a neglect on their part for ten days to comply with the notice. We deem it unnecessary to decide whether the ordinances do or do not constitute such a contract, for if they do, the contract is, in our opinion, utterly void. The duty resting upon a town or city to keep its highways safe and convenient is a public duty. A city or town has no power, unless authorized by statute, to divest itself of its capacity to discharge the duty, either by contract or ordinance. We find no statutory authority for such a contract or ordinance in the case at bar. The exceptions are overruled.

Another ground assigned for a new trial is, that the verdict is against the evidence and the weight thereof. It is claimed that there was no neglect on the part of the city, the defect in the street being indicated by a light suspended over or beside it. There was a conflict in the testimony upon the point whether there was such a light. The testimony to prove that there was a light was certainly very strong ; but, even if conclusive, the jury may have thought that it was not properly placed, or that, in the particular circumstances, a single light, unless of more conspicuous size and brilliancy, was an insufficient safeguard. The question was peculiarly a question for the jury ; and the court, even though they may not agree with the jury, ought not to disturb their verdict without very weighty reasons. In the case at bar we allow the verdict to stand. *A new trial is refused.*

*Francis W. Miner,* for plaintiff.

*Charles H. Parkhurst,* for defendant.