BOSTON AND MAINE RAILROAD & another *vs.* CITY OF LOWELL & another.

Middlesex.    December 11, 1925. — June 3, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Grade Crossing,* Maintenance and repair.  *Proprietors of the Locks and Canals on Merrimack River.*

The bridge construction carrying School Street in Lowell over the railroad lines of the Boston and Maine Railroad and Nashua and Lowell Railroad and over the Pawtucket Canal in accordance with a decree of the Superior Court abolishing a grade crossing, entered March 5, 1910, is one bridge, the "approaches" to which consist of and are referable to the street elevations by earth or other filling lying northerly and southerly respectively of the Perrin Street abutment and the abutment on the southerly side of the canal, and the city of Lowell is not required by St. 1906, c. 463, Part I, § 38, to keep in repair other than those approaches.

St. 1906, c. 463, does not authorize a commission to require the Proprietors of the Locks and Canals on Merrimack River to construct or maintain any part of the bridge above described.

The provision of the charter of the Proprietors of the Locks and Canals on Merrimack River, imposing the duty to construct and maintain any public highways "hereafter [to] be laid out across any such canal . . . [and] to make and maintain in good repair a sufficient bridge or bridges over such canal," is not applicable to the kind of bridge required to be built by the decree of the Superior Court upon the report of the commission under St. 1906, c. 463: the obligation under that charter is superseded and repealed by the provision of St. 1906, c. 463, which places the burden indisputably upon the railroad and city or town.

BILL IN EQUITY, filed in the Superior Court on November 10, 1923, by Boston and Maine Railroad and Nashua and

Lowell Railroad Corporation against the city of Lowell and the Proprietors of the Locks and Canals on Merrimack River, to require the defendants under G. L. c. 159, § 85 "to properly repair and maintain the approaches" to a bridge carrying School Street over the Pawtucket Canal and over tracks of the Nashua and Lowell Railroad, which was a part of the construction incident to the abolishing of a grade crossing in accordance with a decree of the Superior Court entered on a report of commissioners on March 5, 1910.

The defendant, Proprietors of the Locks and Canals on Merrimack River, filed an answer which included a plea and a demurrer. The defendant city filed an answer which in detail admitted allegations of fact and denied conclusions of law set forth in the bill.

The suit was heard by *Macleod*, J. Facts found by him are stated in the opinion. By his order a final decree was entered sustaining the demurrer and plea of Proprietors of the Locks and Canals on Merrimack River and dismissing the bill. The plaintiffs appealed.

*T. Alexander*, for the plaintiffs.

*H. M. Davis*, (*F. Rackemann* with him,) for the defendant Proprietors of the Locks and Canals on Merrimack River.

*P. J. Reynolds*, for the defendant City of Lowell, submitted a brief.

PIERCE, J. The case is before this court on appeal from a final decree of the Superior Court, dated and filed September 22, 1925, sustaining the demurrer and plea of the defendant the Proprietors of the Locks and Canals on Merrimack River, and dismissing the plaintiffs' bill brought under G. L. c. 159, § 85, which prays that the court order the defendants "to properly repair and maintain the approaches" to a certain bridge over the plaintiffs' location and tracks.

School Street in the city of Lowell crosses in a northerly and southerly direction the location of the Boston and Maine Railroad and the Pawtucket Canal, the latter abutting on and lying about one hundred feet southerly of the railroad location. This street formerly crossed the railroad at grade and was carried over the canal at the highway level by a bridge made, maintained and kept in repair by the Proprie-

tors of Locks and Canals on Merrimack River, under a pro-
vision in their charter.    This bridge was eliminated by decree
of the Superior Court, entered March 5, 1910, confirming a
report of a grade crossing commission.

In conformity with the scheme of elimination set forth in
the report of the commission, School Street was elevated and
carried across the railroad location and the canal on an over-
head bridge.    The trial judge found: "This overhead bridge
is a steel structure with timber stringers and plank floor
paved with granite block.    From the northerly abutment
near Perrin Street the structure consists of steel trestle bents.
The portion over the railroad is a pony truss or plate girder
through bridge, thence to the canal the bridge is of trestle
construction and over the canal and spanning the passageway
south of the canal the structure consists of a deck truss
bridge with timber stringers . . . .    The entire expense of
the grade crossing elimination, including the construction
of this entire overhead bridge was apportioned, according
to the statutes, between the Nashua and Lowell Railroad
Corporation, Boston and Maine Railroad, Lessee, the Com-
monwealth and the city of Lowell. . . .

"Certain portions of this overhead structure are in need
of repairs and a controversy has arisen as to whether such
repairs should be made by the plaintiffs or by the Canal
Company or by the city of Lowell.    The plaintiffs contend
that necessary repairs upon so much of the structure as lies
between the northerly side of the railroad location and the
northerly abutment of the bridge near Perrin Street should
be made by the city of Lowell by virtue of its obligation un-
der the general railroad law to maintain the 'approaches'
of the bridge; and that necessary repairs upon so much of
the structure as lies between the southerly boundary of the
railroad location and the abutment located on the southerly
side of the passageway south of the canal should be made
either by the city of Lowell pursuant to its statutory obliga-
tion aforesaid or else by the canal company by virtue of its
charter obligations."    "The city of Lowell refused to main-
tain and repair that portion of the steel trestle work between
the solid fills and the masonry supporting the steel span

pony truss bridge over the railroad on both the northerly and southerly side thereof, claiming that the said steel trestle work was not a part of approaches to the bridge over the railroad, but formed a part of the bridge itself over the railroad track. Likewise, both the city and the canal company refused to maintain and repair the new deck truss bridge carrying School Street over the canal; the canal company upon the ground that the grade crossing elimination relieved the canal company of its charter obligation to maintain a highway bridge over the canal, and the city upon two grounds: first, that the canal company was still obligated under its charter to maintain the said highway bridge over the canal; second, for the reason that said highway bridge over the canal was not a part of the approach to the bridge over the railroad, but was a part of the bridge itself."

The issues presented to this court by the plaintiffs are as follows: (1) "Whether all of the steel structures, trestles, and bridge over the Pawtucket Canal, between the bridge over the railroad and the solid fills, are 'approaches' to the 'bridge over the railroad,' or a part of the 'bridge over the railroad'"; and (2) "Whether, if the said steel structures, trestles, and bridge over the Pawtucket Canal are 'approaches' to the bridge over the railroad, the city or the canal company is obligated to maintain the said bridge over the Pawtucket Canal."

The provision of the laws of the Commonwealth as to the future maintenance and repair of bridges and their approaches carrying highways over railroads is contained in St. 1906, c. 463, Part I, § 38, which read: "After the completion of the work, the expense of maintenance and repair shall be paid as follows: if the public way crosses the railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad corporation, and the surface of the bridge and its approaches shall be maintained and kept in repair by the city or town in which they are situated; if the public way passes under the railroad, the bridge and its abutments shall be maintained and kept in repair by the railroad corporation, and the public

way and its approaches shall be maintained and kept in repair by the city or town in which they are situated; if several railroads cross a public way at a near or given point, the commission shall apportion and award in what manner and proportion each of said railroad corporations shall maintain and keep in repair the framework of the bridge and its abutments if the public way crosses the railroad by an overhead bridge, and the bridge and its abutments if the public way passes under said railroads." (See now G. L. c. 159, § 77.) The provision of the charter of the canal company is: "If there shall be occasion, in the prosecution of the said undertaking, to make a canal across any public highways, or if any highways shall hereafter be laid out across any such canal, it shall be the duty of the said proprietors to make and maintain in good repair a sufficient bridge or bridges over such canal." It is evident that the commission intended that a continuous structure or bridge should carry School Street from the northerly abutment and fill of solid earth near Perrin Street to the southerly abutment and fill of solid earth on the southerly side of the passageway on the south bank of the canal.

It is the contention of the plaintiffs that this structure, in form continuous, in fact consists of three structures or bridges, one a bridge from the Perrin Street abutment to the location of the railroad, one a bridge over the railroad location, and one a bridge from the railroad location on the south over the canal to the abutment and fill on the southerly side of the canal. It is the further contention of the plaintiffs that the solid fill and the bridge from the abutment on the southerly side of the canal to the structure over the railroad location is an approach, as that word is used in St. 1906, c. 463, Part I, § 38; and being such, is to be kept in repair by the Proprietors of Locks and Canals on Merrimack River under its charter, or by the city of Lowell under said § 38. The plaintiffs also contend that the solid fill and the bridge near Perrin Street constitute an approach to the "pony truss" bridge over the railroad location; and that the city of Lowell is bound to maintain such approach under said § 38.

These abutments on the northerly and southerly side of

the continuous structure naturally mark the termini of a single bridge; and the approaches naturally consist of and are referable to the street elevations by earth or other fill lying northerly and southerly respectively of the Perrin Street abutment and the abutment on the southerly side of the canal. The fact that the bridge was made up of three distinct types of structural construction does not destroy the unit or make what otherwise would be a single bridge three separate bridges, each having as approaches one or more of the other bridges. By no possible interpretation can it be said that the essential nature of the structure and its approaches is the same as would have been of a bridge over the location of the railroad with a solid fill on each side of the location interrupted by a bridge over the canal. We are of opinion the bill was dismissed rightly against the city of Lowell.

The demurrer and the plea of the defendant Proprietors of the Locks and Canals on Merrimack River were sustained rightly. St. 1906, c. 463, does not authorize a commission to require the Proprietors of Locks and Canals on Merrimack River to construct or maintain any part of the School Street overhead bridge and its approaches, whether the bridge be considered as a single, continuous bridge or as a bridge which is divisible into parts, for the reason that such order would be outside the terms of the statute, and if it were not, the effect of it obviously would be to increase the burdens and impair the terms of the charter of the Proprietors of the Locks and Canals on Merrimack River. *Commonwealth* v. *Proprietors of New Bedford Bridge*, 2 Gray, 339. *Proprietors of Locks & Canals* v. *Lowell Horse Railroad*, 109 Mass. 221. St. 1906, c. 463, Part I, § 38, makes no reference to pre-existing duties and liabilities of any person or corporation as to ways or bridges previously existing within the physical limits of the proposed alteration, and the old law governing the maintenance of ways and bridges was abrogated, as it was not retained expressly or by implication. *Boston, petitioner*, 221 Mass. 468, 480. The provision of the charter of the canal company imposing the duty to construct and maintain any public highways "hereafter [to] be laid out

across any such canal . . . [and] to make and maintain in good repair a sufficient bridge or bridges over such canal" is not applicable to the kind of bridge required to be built by the decree of the Superior Court upon the report of the commission under St. 1906, c. 463. The obligation under that charter is superseded and repealed by the provision of St. 1906, c. 463, which places the burden indisputably upon the railroad and city or town.

*Decree affirmed with costs.*