### CYRUS BRIGHAM & another *vs.* JOHN LALLY.

Suffolk.   March 4. — 8, 1881.   COLT, ENDICOTT & SOULE, JJ., absent.

A negotiable promissory note of a third person, entered on the plaintiff's books of account as payment of the defendant's debt, is not conclusive evidence of such payment.

CONTRACT on an account annexed for goods sold and delivered. Answer, a general denial, and payment. Trial in the Superior Court, without a jury, before *Wilkinson,* J., who allowed a bill of exceptions, in substance as follows:

The defendant contended that the goods in question were furnished to his sons. This the plaintiffs denied, and produced their books, in which the goods were charged to the defendant. The defendant then called for a note, which was produced, and was for the amount sued on, and was signed by the defendant's sons. The plaintiffs' ledger showed that this note had been credited and applied to the defendant's account, and the book of original entries, the journal, showed the same. The note was deposited in the bank for collection, but was not paid. In the

plaintiffs' ledger, in balancing the account, the note was treated as cash paid. The plaintiffs introduced evidence tending to explain or control the effects of these entries in their books; and, on this point, the evidence was conflicting. On cross-examination, the plaintiffs admitted that they received the note.

The defendant asked the judge to rule "that the taking of the note, it being a negotiable note, and placing it to the credit of the defendant in the journal and ledger, and making no other application of the note, is in law payment." But the judge refused so to rule, and found for the plaintiffs; and the defendant alleged exceptions.

*E. B. Callender*, for the defendant.

*S. J. Thomas*, for the plaintiffs.

BY THE COURT. The ruling requested was rightly refused. The question whether the note was taken as payment was a question of fact, on which there was conflicting evidence, and the finding of the judge by whom the case was tried without a jury was conclusive. *Exceptions overruled.*