## WILLIAM J. GILFILLAN vs. SAMUEL MAWHINNEY.

Suffolk. March 18, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Fraudulent Representations — Prospectus — Declaration — Amendment — Evidence — Exceptions.*

In an action for false representations in a prospectus, the declaration alleged that all the statements in the prospectus, and especially certain ones referred to, were false; and the judge, who tried the case without a jury, excluded evidence of the falsity of statements other than those specially referred to, and, in finding for the defendant, found specially that the "plaintiff did not rely on the statements of fact contained in the prospectus." *Held*, that the special finding rendered the ruling of the judge as to the evidence immaterial.

A bill of exceptions, stating that questions were put to a witness, and that the judge admitted them, without disclosing what the answers were, shows no ground of exception.

TORT for false representations. The amended declaration contained, among other allegations, the following: "And the plaintiff says that the defendant, then being interested in, and a large stockholder in, and a director, president, and chairman of the executive committee of the Bay Ridge Steamship Construction Company, made and issued, or caused to be made and issued, or allowed and permitted to be made and issued a certain prospectus or paper, a copy of which is hereto annexed marked 'A,' and bearing his name as president and director, with the purpose of inducing the public to subscribe for and purchase the shares of said corporation, whereby he would derive a pecuniary

benefit; that all the statements of said prospectus, both in fact and opinion, were false, fraudulent, and misleading, and especially the statements contained in the said circular or prospectus setting forth the value of the real estate, and the price paid for it, and the amount of money paid into the capital fund of said property, and the right of the company to extend its piers, were false and misleading; . . . that the plaintiff read said circular or prospectus, and said false and misleading statements, and especially the ones hereinbefore referred to, and believing the same to be true, and relying upon the same as true, was thereby induced to and did subscribe for and purchase a large number of the shares of the capital stock of said corporation. . . . And the plaintiff further says, that the shares of said capital stock of said corporation at the time of the issuing of said circular or prospectus, and at all times thereafter, and now, are utterly worthless, and that he has lost all the money so paid by him to said corporation for or on account of said shares." The prospectus, annexed to the declaration, consisted of a pamphlet of several pages of printed matter. Answer, a general denial. ,

Trial in the Superior Court, without a jury, before *Mason*, J., who allowed a bill of exceptions, which, so far as material, was as follows.

The plaintiff called as a witness A. Perry Bliven, a director of the company, and, after calling his attention to a specific statement in the prospectus annexed to the declaration, put to him the question, "Is that statement true?" To this question the defendant objected, on the ground that the question had reference to a representation which had not been specifically set forth in the declaration. The judge ruled that the plaintiff, in introducing evidence as to representations contained in the prospectus annexed to the declaration, must be confined to those representations which were specifically set forth in the declaration, and excluded the testimony.

The defendant put certain questions to various witnesses, among them directors of the construction company, all of which the judge, against the plaintiff's objection, permitted them to answer, those to the directors being admitted as bearing on the question of their good faith, but the bill of exceptions did not disclose what any of the answers to these questions were.

The judge made the following finding for the defendant: " In the above action the court finds for the defendant, and finds specially that the plaintiff did not rely on the statements of fact contained in the prospectus signed by the defendant." The plaintiff alleged exceptions.

*C. C. Read*, for the plaintiff.

*R. M. Morse, Jr.*, for the defendant.

HOLMES, J. This is an action for false representations in a prospectus. The declaration alleges that all the statements in the prospectus, and especially certain ones referred to, were false. The judge excluded evidence of the falsity of statements other than those specially referred to. The prospectus was long, and the representations of such a nature that the defendant would have had to be prepared on a wide field of inquiry, if he was bound to be ready to sustain the whole prospectus. As the plaintiff did not see fit to amend, and to specify the statements which he proposed to controvert, after the judge's ruling, we might hesitate to order a new trial in such a case, even if, as a mere matter of pleading, the declaration was enough to put the truth of the whole prospectus in issue.

But, however this may be, we understand the finding of the judge, that the plaintiff did not rely upon the prospectus, to go to the document as a whole, and to mean that he was satisfied that none of its statements, true or false, operated as an inducement to the plaintiff to subscribe for stock in the company. There would be no significance in the special finding, unless it imported that it was made on grounds which were independent of the evidence excluded, and which made that evidence immaterial. If we are wrong, the fault is in the bill of exceptions, and the excepting party must suffer.

The finding of the judge makes the questions of evidence immaterial. Furthermore, it does not appear that the plaintiff was injured by the answers, and most of the evidence objected to went to the good faith of co-directors who signed the prospectus, and with whom the declaration alleged the defendant to have acted in collusion.

*Exceptions overruled.*