NASHUA SAVINGS BANK *vs.* HENRY SAYLES.

Suffolk.     November 10, 11, 1903. — January 6, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Conflict of Laws.     Bills and Notes.     Contract,* Consideration.

A bank in New Hampshire, holding an overdue note made and indorsed in this Commonwealth, asked the maker for a new note with the same indorser to take up the old one. The maker sent a new note for a smaller amount with a check for the balance, whereupon the bank returned the old note to the maker. The new note was made payable at the bank in New Hampshire and on the back was signed in blank by the indorser of the old note. Under the laws of New Hampshire a person so signing was liable as a joint maker without a demand on the other maker or a notice of his default. *Held,* that the new note first took effect as a contract when accepted with the check in payment of the old note, and was governed by the law of New Hampshire. *Whether,* if the new note had been for the full amount due on the old one, the fact that it was made payable in New Hampshire would have made it subject to the laws of that State was not considered.

The surrender of an overdue note, the indorser of which has been discharged from liability by want of notice of non-payment, is a good consideration for a new note given in part payment of the old one and signed as joint maker by the indorser of the old note, and in an action against such joint maker it is immaterial that he was not liable on the old note and received no personal benefit from signing the new one, if the plaintiff gave up the old note relying on his signature.

CONTRACT, against the indorser in blank before delivery of a promissory note, who was alleged to be liable as a joint maker. Writ dated October 14, 1902.

In the Superior Court the case was heard by *Hardy, J.* upon an agreed statement of facts. The note in suit was as follows: "No.     $2000.     Boston, May 31, 1890. On demand, for value received, six months after date, I promise to pay the Nashua Savings Bank, or order, two thousand dollars at the office of said bank in Nashua, N. H., with interest from date at the rate of six (6) per cent, payable semi-annually in advance. Allen S. Weeks." This note was indorsed on the back "Henry Sayles." Payments of interest also were indorsed upon it.*

The defendant never received any consideration for signing

---

\* The same note formed part of the evidence in *Nashua Savings Bank* v. *Abbott,* 181 Mass. 531.

either this note or the note for $2,300 mentioned in the opinion. The defendant never was indebted to Weeks but until and at the time of the death of Weeks was an unsecured creditor of Weeks to a large amount. The note for $2,300 was not presented for payment at maturity and no notice of its non-payment was given to the defendant. No notice of non-payment of the note in suit was given to the defendant as required by Pub. Sts. c. 77, § 15, (R. L. c. 73, § 16.) Under the laws of the State of New Hampshire, a person who has signed his name in blank upon the back of a note before its delivery to the payee, is liable as an original promisor or joint maker, and is not entitled to notice of a demand at maturity upon the other maker or of his failure to pay.

At the request of the plaintiff the judge ruled as follows: " The note, signed by Weeks and the defendant in Massachusetts, was delivered in New Hampshire, and by its expressed terms being payable at Nashua in that State, where also is the domicil and only place of business of the payee, the plaintiff, the contract or obligation became complete and effective under the laws of the State of New Hampshire, and is to be construed in accordance with, and is governed by, the laws of New Hampshire. Under the laws of New Hampshire the defendant was a joint maker of the note, and not entitled to notice of demand upon the other maker and his failure to pay, and is holden in this action upon the plaintiff's declaration."

The judge gave judgment for the plaintiff; and the defendant appealed.

*W. A. Abbott*, for the defendant.

*A. S. Hall*, for the plaintiff.

KNOWLTON, C. J. The plaintiff, a corporation established under the laws of New Hampshire, held an overdue note for $2,300, signed by one Weeks and indorsed by the defendant, upon which there had been no demand or notice. On May 6, 1891, more than five years after its maturity, the plaintiff's treasurer wrote to the maker in Boston, suggesting that at the time when the next payment of interest should become due, on June first, he should send a note indorsed by the defendant to take up the old one. Weeks replied immediately, saying that the defendant was away, and that he would attend to the matter

on the defendant's return.   On May 15 he wrote again to the plaintiff's treasurer, asking for a blank in the form which the bank used, and a blank was sent to him.   On May 31, 1890, he sent the note in suit, for $2,000, bearing date Boston, May 31, 1890, payable at the plaintiff's bank in Nashua, New Hampshire, six months after date, and signed by Weeks, with the signature of the defendant on the back.   In the letter enclosing it he wrote, " I enclose herewith a new note for the Sayles note ($2,000 instead of $2,300) and check for $360 which I believe pays the interest up to Dec. 1/90.   Please send me the old note."   On the receipt of the new note and the check, the plaintiff returned the old note.

Upon these facts there is no doubt that the note in suit first took effect as a binding contract when it was received by the plaintiff bank at Nashua and accepted with the check in payment of the old note.   Until then the old note remained in force, and there had been no contract between the parties that took the place of it.   The suggestion of the plaintiff was that a new note should be given on June 1, and this note was mailed at Boston on May 31.   Nothing had been said or written by either party in regard to making the new note for a smaller sum than the old one.   When the note arrived the plaintiff was at liberty to decline to accept payment in cash for a part of the old note, with a new note for the balance.   It might have said, " You must give a note for the whole amount or cash for the whole."   It chose to accept the note in suit, and then first the note was delivered, and then and there the contract was made. It was therefore a New Hampshire contract on which the plaintiff now brings suit, and not a Massachusetts contract.  *Lawrence* v. *Bassett,* 5 Allen, 140.  *Milliken* v. *Pratt,* 125 Mass. 374.  *Hill* v. *Chase,* 143 Mass. 129.   *Baxter National Bank* v. *Talbot,* 154 Mass. 213.   It is unnecessary to consider whether under the circumstances of this case, the fact that the note was made payable in New Hampshire would also make the laws of that State applicable to it.   See *Andrews* v. *Pond,* 13 Pet. 65 ; *Bell* v. *Bruen,* 1 How. 169 ; *Tilden* v. *Blair,* 21 Wall. 241 ; *Coghlan* v. *South Carolina Railroad,* 142 U. S. 101, 109 ; *Staples* v. *Nott,* 128 N. Y. 403 ; *New York Life Ins. Co.* v. *McKellar,* 68 N. H. 326.

Under the laws of New Hampshire a person who signs a note

in blank upon the back, as this defendant signed, is liable as a joint maker, without a demand upon the other maker or a notice of his failure to pay it.

The defendant's contention that the note was without consideration cannot be sustained. It is immaterial that the defendant was not then liable upon the old note, and that he received no personal benefit from his signing. It is enough that the plaintiff gave up the old note for this, relying upon his signature.

*Judgment affirmed.*