PADDOCK AND FOWLER COMPANY *vs.* MARY C. SIMMONS.

Middlesex.   November 17, 1903. — June 22, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Bills and Notes.   Payment.   Subrogation.   Waiver.*

In this Commonwealth the presumption, that a negotiable promissory note is payment of the debt for which it is taken, is a presumption of fact which may be rebutted by evidence showing that such was not the intention of the parties, and where it appears that treating the note as payment would deprive the party taking it of a security which he holds for the payment of the debt, this is strong evidence that the note was not accepted in payment.

In an action against a married woman upon a guaranty in writing to make good any loss incurred by the plaintiff in guaranteeing advances made by bankers to the defendant's husband in connection with the importation of goods by him, if it appears that there was an arrangement between the plaintiff, the defendant's husband and the bankers, by which the bankers were entitled to a lien on the bills of lading and the goods imported to secure their advances, if also it appears that the plaintiff in a course of business known to the defendant and acquiesced in by her delivered the bills of lading to the defendant's husband or sold the goods and credited the defendant's husband with the proceeds less commissions, the defendant can be found to have waived any right of subrogation she otherwise might have had to any lien of the bankers upon the bills of lading or the goods or their proceeds, and any right she might have had to treat the release of such lien by the acts of the plaintiff as payment *pro tanto* on her guaranty to him.

CONTRACT on certain guaranties in writing described in the first paragraph of the opinion.   Writ dated September 10, 1901.

In the Superior Court the case was tried before *Fox*, J., without a jury.   The defendant requested the following rulings: " 1. On all the evidence the plaintiff is not entitled to recover. 2. The demand note for $907.75 given by Simmons and Company to the plaintiff, dated May 1, 1899, was payment *pro tanto* and discharged the defendant to that amount.   3. The delivery of the merchandise or bills of lading representing it by the plaintiff to Hiram Simmons [the defendant's husband], exonerated the defendant from all liability on her several guaranties."

The judge refused to rule as requested, and found for the plaintiff in the sum of $6,330.   The defendant alleged exceptions.

*L. Sullivan*, for the defendant, submitted a brief.

*J. W. Allen*, for the plaintiff.

MORTON, J.   This is an action of contract upon three written guaranties given by the defendant to the plaintiff to insure it against loss on guaranties given in turn by it to certain banking houses on letters of credit issued by them for the benefit of the defendant's husband.   There was a loss upon each of the guaranties given by the plaintiff which it was compelled to make, and has made, good, payment of which was duly demanded of the defendant and her husband.   The case was tried by the judge without a jury, and the judge found for the plaintiff for the full amount claimed.   The case is here on exceptions by the defendant to the refusal of the judge to give certain rulings that were requested.   The first ruling requested was that on all the evidence the plaintiff was not entitled to recover.   This has not been argued and we, therefore, treat it as waived.   The refusal to give it was clearly right.

For the loss on the first guaranty the defendant's husband gave the plaintiff a note payable 'on demand which was indorsed by the defendant and was protested shortly before this action was brought, and has never been paid in whole or in part.   The second request was in substance that this note operated as a payment *pro tanto*, and discharged the defendant to that amount. This was refused and we think rightly.   The presumption, which prevails in this State, that a negotiable promissory note is payment of the debt for which it is taken, is not a conclusive presumption, but is a presumption of fact and may be rebutted by evidence showing that such was not the intention.   The fact that the result of giving effect to the presumption will be to deprive a party, in a given case, of security which he has for the payment of his debt, will go a long way towards rebutting the presumption. *Brewer Lumber Co.* v. *Boston & Albany Railroad*, 179 Mass. 228.   In the present case the judge could find, as he must have found, that it was not intended that the note should operate as payment. .

The defendant's husband was engaged in the business of importing and selling foreign fruits, and had been so engaged for many years.   Sometimes the goods came to New York and sometimes to Boston.   When they came to New York the plaintiff sold them for him and subject to his order and he was credited by the plaintiff with the proceeds less its commissions for making

the sales. When the goods came to Boston the bills of lading were sent to him by the plaintiff, and he sold the goods himself, and collected the proceeds. This course of business was known to or could have been found by the presiding judge to have been known to the defendant, though it was agreed that she was not acquainted with the details of her husband's business. It would seem from the bill of exceptions that there was an arrangement between the plaintiff and the defendant's husband, and the bankers issuing the letters of credit, by which the latter were entitled to a lien on the bills of lading and the goods represented by them to secure them for their advances, though it is not clear whether, if there was any such lien, it was confined to the first letter of credit only, or applied to the other letters of credit also. We assume in favor of the defendant that it applied to all the letters of credit. And the third and last ruling requested by the defendant was that the delivery of the merchandise or the bills of lading representing it by the plaintiff to the husband released the defendant from liability on her guaranties. This request was also refused and as we think rightly. Assuming that, in the absence of anything modifying or affecting her rights, the defendant would have been entitled, upon payment of any sums guaranteed by her, to be subrogated to any security held by the bankers issuing the letters of credit and the plaintiff, and that a release or discharge of such security by the plaintiff would have operated *pro tanto* as payment of any sums due the plaintiff from the defendant, nevertheless it was competent for the judge to find, and for aught that appears he did find, that she was content that the business should be conducted by the plaintiff and her husband in the manner in which it had been and was conducted, and thereby waived any lien that she otherwise might have been entitled to by way of subrogation upon the bills of lading and the merchandise represented by them, and the proceeds thereof. This view renders it unnecessary to consider whether the bankers who issued the letters of credit and the plaintiff had in fact any right or lien in or upon the bills of lading and the proceeds thereof as collateral security and what the effect of surrendering the security to the defendant's husband would otherwise have been upon the plaintiff's right to recover of the defendant upon her guaranties.

*Exceptions overruled.*