## AMERICAN MALTING COMPANY *vs.* SOUTHER BREWING COMPANY.

Suffolk.   November 12, 13, 1906. — February 26, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Findings of trial judge.   *Bills and Notes.   Payment.   Evidence,* Presumptions and burden of proof.   *Conflict of Laws.   Fraud.   Contract,* Rescission.

The findings of fact by a trial judge in a case heard by him without a jury if there is any evidence to support them must be treated as conclusive.

In this Commonwealth where a debtor delivers to his creditor a negotiable promissory note of himself or of another for the whole or a part of his indebtedness there is a presumption of fact that it was received in payment, which may be controlled by evidence that the creditor by accepting the note did not intend to extinguish the original debt.

If a promissory note for the price of goods is accepted by the seller in another State where the rule of evidence existing in this Commonwealth that the acceptance of a promissory note raises a presumption of fact that it was taken in payment does not prevail, but the goods are to be delivered in Boston and the note is made payable here, the rule of evidence above stated applies to the note, for the acceptance in the other State is of a contract to be performed here.

In an action against a corporation for the price of goods sold and delivered, where the only issue was whether the plaintiff had accepted from the defendant in part payment certain promissory notes of a partnership which had organized the defendant as their successor in business, it appeared that the plaintiff had been desirous of retaining the corporation as a customer and, when the giving of the notes was proposed regarded the financial condition of both the partnership and the corporation as unexceptionable, that when a large sum had become overdue and the plaintiff demanded payment, the defendant offered by letter the notes of the partnership " to settle everything due to the present moment, if acceptable," that the plaintiff replied by letter " that we would be pleased to receive notes from you, with interest, for the overdue amounts . . . and if you wish would be pleased to accept your notes for everything shipped you so far, having same run on stipulated time of contract," that the subsequent correspondence disclosed a similar course of dealing as to accruing indebtedness, and that in at least one instance the plaintiff returned an invoice receipted as paid and promised that other invoices should be receipted similarly.   *Held,* that this evidence justified a finding by the trial judge, who heard the case without a jury, that the plaintiff agreed to accept the notes of the partnership in settlement of the open account payable when the letters were written and of any account that might become due for future deliveries of goods.

In an action against a corporation for the price of goods sold and delivered, where the only issue is whether the plaintiff accepted from the defendant in part payment certain promissory notes of a partnership which had organized the defendant as their successor in business, if it appears that in the correspondence which

resulted in the taking of the notes by the plaintiff the treasurer of the defendant made material misstatements in regard to the cost of the defendant's plant and its having been paid for, but that, being also a member of the firm which signed the notes, he believed at the time that the firm was solvent, that there was no purpose to mislead the plaintiff and that the misrepresentations did not influence the plaintiff's conduct, the plaintiff has failed to show a right to rescind his acceptance of the notes on the ground of fraud.

CONTRACT by the American Malting Company, a corporation organized under the laws of the State of New Jersey and having its usual place of business in the city and State of New York, against the Souther Brewing Company, a corporation organized under the laws of the State of West Virginia and having its usual place of business in Boston, for the price of various cargoes of malt sold and delivered by the plaintiff to the defendant between October 28, 1898, and January 15, 1900. Writ dated January 26, 1900.

In the Superior Court the case was heard by *Fox*, J., without a jury, upon an auditor's report and additional testimony. The controversy in the case was under the defendant's plea of payment. There was due to the plaintiff on the date of the writ for malt sold and delivered $30,190.85, unless certain notes of J. K. Souther and Sons given by the defendant were to be allowed as payment *pro tanto*. If these notes were allowed as payment *pro tanto*, there was due to the plaintiff the sum of $17,710.65, with interest thereon from November 27, 1905.

The judge made the following findings:

" The finding of the auditor to the effect that there was an oral agreement between J. K. Souther and Charles M. Warner that notes should be taken in payment was controlled by the testimony before me, and I find that there was no such agreement affecting the questions here in issue. I find, however, that there was a written agreement that the notes of Souther and Sons should be accepted in payment *pro tanto* of the plaintiff's open account with the defendant, and that this written agreement is established by the letter of June 27, 1899, and the subsequent correspondence above set forth, read in the light of the situation of the parties as shown by the auditor's report.

" It appears that Souther and Sons had carried on a brewery business for many years and in 1898 incorporated the Souther Brewing Company, which took over their business. Warner

one of the plaintiff's principal men and the head of the house which had been absorbed by the plaintiff corporation, had dealt with and given credit to Souther and Sons for years, and there is nothing essentially improbable in the fact that the plaintiff regarded the credit of Souther and Sons as good as that of the corporation which they had organized.

"I am of the opinion that the letter of June 27th is to be deemed a request, not for leave to give additional security but for leave to give substituted security; that the word 'settle' as used in this and later letters means 'pay,' and that the concurrence of the plaintiff in this construction is shown by the fact that in one instance it returned the invoice duly receipted as paid and in another instance promised so to receipt them.

"Respecting the plaintiff's contention that it has a right to rescind the agreement on the ground of fraud I find as follows: In the letter of June 27th there are some misstatements made by Souther with the knowledge of the facts. First, the new brewery did not cost more than $150,000; second, one bill for about $11,000 for construction had not been paid. When this letter was written Souther and Sons had given their note for this bill, but the corporation subsequently had to pay it. Third, the Souther Brewing Company was not taking all its malt from the plaintiff. Malt, although not to a very large amount, had been bought of other concerns.

"These representations might be deemed material if there were any evidence that the plaintiff paid any attention to them. The plaintiff furnished no direct evidence that it relied on these statements. It contended throughout that the notes were not accepted in payment, and in support of this contention introduced evidence that the question of accepting these notes was not made even a matter of discussion among its officers and agents. I cannot infer from the facts before me that the plaintiff relied on these misrepresentations in accepting the notes.

"It is further contended by the plaintiff that Souther committed a fraud in offering his own notes for the liability of the corporation, because of his insolvency at that time, even though he made no representations as to solvency. The auditor finds

in substance that Souther was in fact insolvent, although he believed that he was solvent, and no evidence was offered before me which controls the auditor's finding on this point.

"All the facts material to the determination of the question whether the law of Massachusetts or the law of New York applies are stated by the auditor. Upon these facts I am of the opinion that the Massachusetts law applies.

"I find that the various agents of the corporation by whom the plaintiff's letters were signed and its invoices receipted were duly authorized."

The letter of June 27, 1899, referred to above and the reply to it were as follows :

"C. M. Warner Branch.

"Boston, June 27, 1899.

"American Malting Co.,

"New York.

"Gentlemen :

"Yours of 23d is at hand, calling our attention to the serious fact that in the acc'ts you have mailed us 'there is considerable over-due and some long past due.' This we acknowledge with regret, and we hope in time to be able to correct this abuse of trust. We have, as you know, built and paid for (not one dollar due on it) a new lager Brewery, costing over $200,000 ; then we were obliged to stock it with lager ; to do this we had to have malt, and, as you know, we take all our malt of the Am. Malting Co. We will get around to even up matters, only asking a little time. We do not suggest allowing us to take some of our supply elsewhere, but if we did so our acct. with you would not increase so fast. We like your malt, it suits us, and have no desire to divide our trade. And we bear in mind our contract with you.

"I find that there is now due the Warner Branch $5223.98; there is also due the Northwood Branch $7151.50, making a total a/c overdue of $12,375.48. The Souther Brewing Co. have never given a note. I would herein enquire if you would not be willing to accept notes of J. K. Souther & Sons, who own a large part of the stock of the Souther Brewing Co., for this overdue acct., adding interest for all time taken on the notes from the day each car became due.

"I would add that our new lager plant is a success, that our sales for June will be exceeding 6000 bbls., that we expect and believe we shall, before the summer is over, sell 10,000 bbls. a month.

" We would like to send notes as written above to settle everything due to the present moment, if acceptable ; if not, we shall have to meet your call, if you will kindly inform us by mail.   Meantime we remain,

" Respectfully yours,

" J. K. Souther & Sons,<br>" J. K. Souther."

" New York, June 28, 1899.

" Messrs. J. K. Souther & Sons,

"   " Boston, Mass.

" Dear Sirs :

" Replying to your esteemed favor of the 27th inst. would say that we would be pleased to receive notes from you, with interest, for the overdue amounts of our Warner and Northwood Branches, and if you wish would be pleased to accept your notes for everything shipped you so far, having same run on stipulated time of contract.

" We are much pleased to read that you are doing so well with your lager beer brewery and hope your expectation to sell 10,000 barrels per month will be realized.  · We of course wish to furnish you with the malt used for both breweries, as we interpret the contract with you is to cover your entire needs.

" Hoping this is satisfactory, we are,

" Very truly yours,

" American Malting Company,<br>" per C. E. Hansen."

The plaintiff presented many requests for rulings and findings. Some of these were granted by the judge, and others were refused by him, raising the questions which are considered in the opinion, where the material facts found by the auditor sufficiently appear.

The judge found that the notes of Souther and Sons should be applied in payment *pro tanto*, and that the plaintiff was entitled to recover the sum of $17,710.65 with interest from

November 27, 1905, that being the amount due it after such application. At the plaintiff's request the judge reported the case for determination by this court.

*G. W. Anderson,* for the plaintiff.

*S. J. Elder,* (*F. E. Bradbury* with him,) for the defendant.

BRALEY, J. The case having been tried before the judge, without a jury, the findings of fact are not open to review, but must be treated as conclusive if there is any evidence to support them. *White Sewing Machine Co.* v. *Phenix Nerve Beverage Co.* 188 Mass. 407, 409, and cases cited.

Unless certain promissory notes made by the partnership to the order of the plaintiff are to be credited as a partial payment the entire amount for which suit has been brought is due. It has been settled law in this jurisdiction for more than a century, that where a debtor delivers to his creditor either his own or the negotiable promissory note of a third party for the whole, or a part of the indebtedness, a presumption arises that it was given and received in satisfaction of the debt, although this presumption may be controlled by evidence that by acceptance the creditor did not intend to extinguish the original claim. *Thacher* v. *Dinsmore,* 5 Mass. 299, 302. *Wiseman* v. *Lyman,* 7 Mass. 286. *Curtis* v. *Hubbard,* 9 Met. 322. *Brigham* v. *Lally,* 130 Mass. 485. *Dodge* v. *Emerson,* 131 Mass. 467. *Green* v. *Russell,* 132 Mass. 536. *Ely* v. *James,* 123 Mass. 36, 44. *Davis* v. *Parsons,* 157 Mass. 584, 587. *Brewer Lumber Co.* v. *Boston & Albany Railroad,* 179 Mass. 228, 234. *Jeffrey* v. *Rosenfeld,* 179 Mass. 506, 509. *Paddock & Fowler Co.* v. *Simmons,* 186 Mass. 152, 153.

But as this rule of evidence was not the law of the plaintiff's place of business where the notes were accepted, it is not applicable unless the contract was to be performed here. *Carnegie* v. *Morrison,* 2 Met. 381, 397. *Tarbox* v. *Childs,* 165 Mass. 408, 411, and cases cited. *Andrews* v. *Pond,* 13 Pet. 65. The auditor, upon whose findings the ruling as to the place of performance rests, not only reports that the malt was to be delivered at Boston * where the title passed and consequently the

---

* The contract signed by the parties required the delivery of the malt at the Boylston Street railroad station in Boston, freight to be paid by the plaintiff.

defendant's promise to pay arose, but the notes were made, and were payable here, though sent by mail to the plaintiff. When considered separately the place of the making and performance of the contract of sale were the same, while the notes became completed contracts only upon their acceptance in another State. But this fact is not decisive. The debt due for the malt was payable in this Commonwealth where the performance of this contract began, and the notes given which it is contended were to be applied in payment also were made payable here, and not elsewhere. *Liverpool & Great Western Steam Co.* v. *Phenix Ins. Co.* 129 U. S. 397. When accepted, the acceptance having been according to their tenor, it was ruled correctly that the contract was to be performed at the place selected by the parties. *Carnegie* v. *Morrison, ubi supra. Penobscot & Kennebec Railroad* v. *Bartlett,* 12 Gray, 244, 248. *Shoe & Leather National Bank* v. *Wood,* 142 Mass. 563, 567. *Tarbox* v. *Childs, ubi supra. Andrews* v. *Pond, ubi supra. De Wolf* v. *Johnson,* 10 Wheat. 367, 383. *Chatenay* v. *Brazilian Submarine Telegraph Co.* [1891] 1 Q. B. 79, 82. *Hamlyn* v. *Talisker Distillery,* [1894] A. C. 202. See *Nashua Savings Bank* v. *Sayles,* 184 Mass. 520, 522.

But while under the rulings this presumption must be included as forming a portion of the evidence upon which the finding of payment rests, the plaintiff contends that the entire testimony is insufficient to sustain the finding that there was a written agreement to receive the notes in payment, or that by their acceptance it intended to extinguish a part of the original debt. The inception of this agreement is contained in two letters, which are to be construed with later letters to ascertain whether any or all of the notes were given and accepted in partial liquidation, or as security. Before the organization of the corporation the plaintiff had dealt with the partnership to whose business the defendant had succeeded, and from the auditor's report of their commercial relations, and the letters which passed between them, it is evident that the plaintiff was desirous of retaining the corporation as a customer, and when the arrangement was proposed regarded the financial condition of either as unexceptionable. In less than a year after the contract for malt was entered into the indebtedness on account amounted to a large sum which

had become overdue. The plaintiff insisted upon payment, and on June 27, 1899, while acknowledging and regretting the delay, the defendant offered by letter the notes of the partnership " to settle everything due to the present moment, if acceptable." To this letter on June 28, 1899, the plaintiff replied " that we would be pleased to receive notes from you, with interest, for the overdue amounts . . . and if you wish would be pleased to accept your notes for everything shipped you so far, having same run on stipulated time of contract." The subsequent correspondence discloses a similar course of dealing as to accruing indebtedness, and when interpreted with reference to the precedent conditions, and of the further finding that at least in one instance the plaintiff returned an invoice receipted as paid, and promised that other invoices should be similarly receipted, these letters with those which followed properly were held to contain an unequivocal proposition to give, and agreement to accept, the notes of the firm in settlement of the open account then payable, and of any account that might become due for future deliveries. *Smith* v. *Faulkner*, 12 Gray, 251, 255. *Proctor* v. *Hartigan*, 139 Mass. 554. *Hebb* v. *Welsh*, 185 Mass. 335. *Bassett* v. *Rogers*, 162 Mass. 47. *Lynn Safe Deposit & Trust Co.* v. *Andrews*, 180 Mass. 527. *Callender, McAuslan & Troup Co.* v. *Flint*, 187 Mass. 104. *Buffington* v. *McNally*, 192 Mass. 198.

If, however, the plaintiff was induced to accept the notes in partial payment by misrepresentations of the defendant acting through its treasurer, upon discovery of the fraud it had the right to rescind, and on rescission its original debt would have been fully restored. While there were material misstatements in the defendant's letter relating to the cost of the brewery, and payment for its construction, to avoid the contract of payment the plaintiff must prove not only an intent to defraud, but that it actually had been misled by the deceit. *Collins* v. *Denison*, 12 Met. 549. *Brady* v. *Finn*, 162 Mass. 260. *Hillyer* v. *Dickinson*, 154 Mass. 502. *Lee* v. *Tarplin*, 183 Mass. 52, 56. Both questions were issues of fact, and the adverse findings that there was no purpose to mislead, as the defendant's treasurer, who also was a member of the firm, believed at the time that the firm was solvent, and that the misrepresentations did not influence the plaintiff's conduct, are supported by the evidence. *Holbrook*

v. *Burt*, 22 Pick. 546.   *Curtis* v. *Aspinwall*, 114 Mass. 187.
*Gilfillan* v. *Mawhinney*, 149 Mass. 264, 266.

The remaining requests for rulings must be considered in con-
nection with these special findings, which although adverse to
the plaintiff are not shown to have been erroneous, and when
thus considered those refused were irrelevant, and the rulings
given were correct in law.

*Judgment for the plaintiff on the finding.*

