CARY BRICK COMPANY *vs.* MORRIS WHEELER & another.

Suffolk.    November 13, 1911. — November 29, 1911.

Present: RUGG, C. J., HAMMOND, SHELDON, & DeCOURCY, JJ.

*Bills and Notes.    Payment.    Evidence,* Presumptions and burden of proof.

Where, upon a petition to enforce a mechanic's lien for materials alleged to have been furnished for the construction of a certain building, it appears that the materials were furnished as alleged, and the respondent asks to be credited with the amount of a promissory note given by him to the petitioner but never paid, the burden of proof is upon the respondent to prove the payment alleged by him, and this burden is not shifted by showing that the note was given for the amount of the alleged payment.

The presumption of fact, which exists in this Commonwealth, that a negotiable promissory note given for an unsecured simple contract debt was given and taken in payment of that debt, is not to be extended as of course to the case of a debt secured by a lien.

PETITION, filed on May 23, 1910, to enforce a mechanic's lien in the sum of $1,247.73 for brick furnished and actually used in the erection of certain buildings at the corner of Huntington

Avenue and South Huntington Avenue in that part of Boston called Roxbury.

In the Superior Court the case was tried before *Hardy*, J. The only issue submitted to the jury was as follows: " What is the amount due the petitioner for material furnished by it for the construction of the buildings located on the lot of land described in the petition? "

The undisputed evidence introduced at the trial showed that the materials were delivered for the amount as found due. On January 3, 1910, and while the materials were being delivered the respondent gave the petitioner his note for $845.50 payable in two months to the order of the petitioner. When the note came due on March 3 the respondent did not pay it. He then gave the petitioner a new note payable, in thirty days to the order of the petitioner for $858.22, which was the amount of the old note with interest. This note was not paid.

At the trial the petitioner produced both notes in court and tendered them to the respondent, who refused to accept them, and both notes were left in the custody of the court, where they remained.

The respondent offered no testimony. He asked the judge to rule and to instruct the jury that the note should be credited to him *pro tanto* and that the jury should be directed to answer the issue in the sum of $402.73, that being the amount of the indebtedness less the amount of the note.

He also asked the judge to rule and to instruct the jury that the delivery of the note raised a presumption of payment *pro tanto*, and that the burden was on the petitioner to rebut the presumption; that, not having introduced any evidence to rebut the presumption, the petitioner was entitled to maintain his lien only in the sum of $402.73.

The judge refused to make either of these rulings. He instructed the jury that the burden was on the respondent to show that the note was payment *pro tanto*, and, among other instructions, further instructed them as follows: " Now, you have a right to consider the circumstances in this case because of the fact that there was a claim on the lien. A lien may be considered as a security. Supposing a person has a mortgage note and he has it secured by a mortgage, the question would arise

whether he would consider the mortgage of more value than the note itself; would he look to the security of that mortgage in order to get payment of the note, or would he look to the personal liability of the party who signed the note; which would be the natural inference that you would gather from his taking the mortgage?" The respondent excepted to this portion of the charge.

The jury answered the issue by naming $1,247.73, the full amount claimed. The respondent alleged exceptions.

*J. Isaacs*, for the respondent Wheeler, submitted a brief.

*A. Berenson*, for the petitioner.

SHELDON, J. The only questions presented are whether the promissory note given by the respondent to the petitioner was presumed to be a part payment of the petitioner's demand, whether such a presumption had been rebutted, and whether the amount due to the petitioner should be reduced by the amount of the note. This note and one given in renewal thereof were not paid; and they were tendered to the respondent at the trial, and on his refusal to accept them were left in the custody of the court.

The instructions given to the jury were sufficiently favorable to the respondent, and the rulings requested by him, so far as they were inconsistent with those instructions, were properly refused.

The burden was upon the respondent to prove the payment which he alleged, and this burden was not shifted by proof that he had given to the petitioner a note for a part of what was due. It is true in this Commonwealth that a negotiable promissory note given for an unsecured simple contract debt is deemed to have been given and taken in payment of that debt. But this is merely a presumption of fact, not to be applied as of course to the case of a debt secured by any kind of pledge or lien. *Brewer Lumber Co.* v. *Boston & Albany Railroad*, 179 Mass. 228, 234, *et seq.*, and cases there cited. "The fact that the result of giving effect to the presumption will be to deprive a party, in a given case, of security which he has for the payment of his debt, will go a long way towards rebutting the presumption." *Paddock & Fowler Co.* v. *Simmons*, 186 Mass. 152, 153. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89, 94. This is

the rule stated in *O'Conner* v. *Hurley*, 147 Mass. 145, 149, 150, relied on by the respondent.

There is no foundation for these exceptions, and they must be overruled with double costs.

*So ordered.*