SCHMOLL FILS AND COMPANY, INC. *vs.* PAUL WHEELER.

Suffolk.     March 29, 1922. — July 11, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Evidence,* Presumptions and burden of proof. *Practice, Civil,* Findings by trial judge. *Contract,* What constitutes, Validity. *Frauds, Statute of.*

At the trial of an action for breach of an alleged contract to accept and pay for certain horse hides described as horse butts, there was evidence warranting a finding that the defendant, a dealer in leather in Boston, orally agreed to buy of the plaintiff, a dealer in horse hides in Chicago, "one thousand butts, varying in price, according to certain standards," the total amount being $4,105, that the plaintiff by letter to the defendant dated April 17 accepted the order and informed the defendant "that they would ship the thousand horse butts to the place designated by the defendant," that the butts were shipped May 17 or 18 and arrived in Boston June 1 at the place designated by the defendant and he was duly notified; that while the butts were in transit the defendant by telegram notified the plaintiff that he would not receive them because they had not been promptly shipped, and on the arrival of the butts he declined to accept them and they were returned to the plaintiff. It appeared that no time for performance was fixed by the parties. *Held,* that

(1) It was assumed that the contract was made in Massachusetts and that the legal rights of the parties were governed by the laws of this Commonwealth;

(2) As no time for performance was fixed by the parties, the plaintiff had the burden of proving that it tendered delivery within a reasonable time;

(3) It was a question of fact on all the evidence whether delivery was tendered within a reasonable time and, a finding that the plaintiff was not in default for failing to ship earlier not having been unwarranted, such a finding could not be set aside as matter of law;

(4) The contract was completed when transfer of possession was tendered and the price then became due and payable;

(5) Requests for rulings that there was no evidence of any contract as alleged in the declaration and that there was no evidence that the plaintiff performed its part of the contract were refused rightly.

At the hearing of the above described action by a judge without a jury there was evidence that the plaintiff on May 20 wrote to the defendant enclosing an itemized invoice of the butts with prices and terms of shipment; that the defendant replied on May 22 acknowledging receipt of the letter and stating that as "the butts" were not shipped promptly he declined to accept them; that on June 1 the plaintiff's agent wrote the defendant requesting him to "advise if you intend to take these butts in accordance with the conditions of the purchase," and "our confirmation of sale by letter of April 13th," which was signed in the name and behalf of the plaintiff by the agent and stated in substance "We beg to confirm the conversation of the writer with you today offering you ten thousand green salted horse butts . . . and confirm your instructions" as to their shipment; that the defendant replied to the letter of June 1 "I have already informed your Chicago office on the 22nd of May that I will not accept the butts as they were not shipped promptly and therefore cannot use them;" that when this letter was written he had received the letter of May 20 and the invoice enclosed in that letter. *Held,* that

(1) The trial judge well could find that the invoice stated the contract as agreed upon by the parties;

(2) The correspondence may be read as a single instrument in the light of all the circumstances and when so read is sufficient to satisfy the requirements of the statute of frauds;

(3) The trial judge, having reached this conclusion, properly declined to rule that the plaintiff could not recover, or that the contract was within the statute or that there was no evidence of any note or memorandum signed by the party to be charged, or by any person by him lawfully authorized.

CONTRACT for breach of an oral agreement to accept and pay for one thousand horse butts ordered by the defendant of the plaintiff.   Writ dated June 14, 1920.

The answer of the defendant contained a general denial and set up the statute of frauds.

In the Superior Court the action was heard by *McLaughlin,* J., without a jury.   Material evidence is described in the opinion.

At the close of the evidence the defendant requested the following rulings:

"1.  Upon all the evidence the plaintiff is not entitled to recover.

"2.  There is no evidence of any contract by the defendant as alleged in the plaintiff's declaration."

"4. There is no evidence of any note or memorandum in writing of the bargain alleged in the plaintiff's declaration, signed by the party to be charged or by any person thereunto by him lawfully authorized.

"5. There is no evidence that the plaintiff performed its part of the contract alleged in its declaration."

The judge refused to give the rulings and filed the following memorandum of findings and rulings: "This is an action of contract to recover damages for the failure of the defendant to accept a lot of horse hides, described as horse butts, which the defendant ordered of the plaintiff. The plaintiff, whose place of business is in Chicago, is a dealer in a large way in horse butts, and is represented in Boston by an agent, one Needham. The defendant, who is in the leather business in Boston, orally agreed with Needham to purchase of his principal one thousand butts, varying in price, according to certain standards. The date when the defendant's order was accepted, and when the agreement may be said to have been entered into finally, can be fixed as April 17, 1920, which is the date of a letter from the plaintiff at Chicago to its agent in Boston, informing him that it would ship the thousand horse butts to the place designated by the defendant. The goods were delivered to the carrier at Chicago on either May 17 or 18; it was difficult to determine which, from the bill of lading. When the goods were in transit, viz. on May 22, the defendant notified the plaintiff at Chicago by telegraph that, as the butts were not shipped promptly, he refused to receive them. The goods, which were sent C.O.D. arrived at their destination on June 1, and the defendant refused to receive them. They were returned to the plaintiff who is now in possession of them, exercising the rights of owner. In the first place, I find that no time was expressly fixed by the parties for the delivery of the goods, and therefore the plaintiff was bound to deliver them within a reasonable time. Whether the goods were delivered within a reasonable time must be determined from all the circumstances, which, in substance, were as follows: From April 1, 1920, to May 29, 1920, freight embargoes, so called, were placed by the railroad companies against shipments of goods from Chicago to Massachusetts. These embargoes resulted from strikes which seriously affected shipments

from the west to the east, and I find that when the contract was made, the defendant, as well as the plaintiff, knew that serious difficulties would be encountered in transportation. Within a few days after the order was accepted, viz. on or about April 20th, the plaintiff tried to ship the goods, but the railroad companies refused to accept them. The efforts of the plaintiff to forward them are fully described in the deposition of one Eisendrath, its business manager. The plaintiff used, as I believe, in this respect, a high degree of diligence, and it was not its fault that the goods were not shipped earlier.

"Upon all the evidence, I find that the butts were delivered to the carrier within a reasonable time. . . .

"Upon this evidence, I am of opinion that there was a sufficient note or memorandum to satisfy the statute. It is to be noted that the letter of May 20 from the plaintiff to the defendant states that the invoice is enclosed, and I find that, in fact, it was enclosed. The letter and invoice were received by the defendant, who on May 22 wrote, saying: 'Your favor of the 20th inst. received. As the butts were not shipped promptly, I refuse to accept them,' and I treat this as an acknowledgement that the invoice was received. These letters constitute some evidence that the invoice contained all the stipulations of the contract, and as was said in *Wilkinson* v. *Evans, infra,* that the defendant made no objection to the plaintiff's statement of the contract, but only to the manner of its performance in failing, as he claimed, to send the butts promptly. The words in the defendant's letter, 'the butts' have the same meaning as 'these butts,' and refer to those mentioned in the invoice. The letter fairly construed is the same as if it said: 'I bought of you at the prices mentioned in the invoice the goods described therein, but they were not sent in time.'"

The judge found for the plaintiff in the sum of $825.04; and the defendant alleged exceptions.

*L. Brown,* (*E. Field* with him,) for the defendant.

*E. O. Proctor,* for the plaintiff.

BRALEY, J. This is an action of contract to recover damages for the failure of the defendant to accept and pay for certain horse hides, described in the record as "horse butts," alleged to have been purchased of the plaintiff. The exceptions to the ad-

mission of evidence, not having been argued, may be treated as waived, leaving for decision the questions, whether any contract between the parties was proved, and if a contract was consummated, whether it is unenforceable because of the statute of frauds, which is duly pleaded.

The case was tried without a jury, and on the evidence the judge was warranted in making the following findings. The plaintiff, doing business in Chicago, Illinois, as a dealer in horse hides, was represented in Boston by one Needham with whom the defendant, a dealer in leather in Boston, agreed to buy of the plaintiff "one thousand butts, varying in price, according to certain standards," the total amount being $4,105. The time when the defendant's order was accepted, and when the agreement was finally concluded, "can be fixed as April 17, 1920," which was the date of the plaintiff's letter to Needham, "informing him that they would ship the thousand horse butts to the place designated by the defendant." The butts were delivered to the carrier at Chicago "on either May 17 or 18; it was difficult to determine which, from the bill of lading." While the butts were in transit the defendant notified the plaintiff by telegram, that, not having been promptly shipped, "he refused to receive them." The butts "which were sent cash on delivery" arrived on June 1 and the defendant in accordance with his telegram declined to accept, and they were returned to the plaintiff, which at the time of the trial held possession, exercising the rights of an owner.

We assume that the contract was made here and the legal rights of the parties are governed by our laws. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. *P. Garvan, Inc.* v. *New York Central & Hudson River Railroad,* 210 Mass. 275, 280. See *Kline* v. *Baker,* 99 Mass. 253.

It appears that no time for performance was fixed by the parties, and the plaintiff accordingly had the burden of proving that it tendered delivery within a reasonable time. It was a question of fact on all the evidence, and the finding that the plaintiff was not in default in failing to ship earlier, not having been unwarranted, cannot be set aside as matter of law. Sales act, St. 1908, c. 237, § 43, cl. 4. *American Malting Co.* v. *Souther Brewing Co. supra. Nickerson* v. *Bridges,* 216 Mass.

416, 420. The contract was completed when transfer of possession was tendered, and the price then became due and payable. Sales act, §§ 3, 19, Rule 5. *Haskins* v. *Warren*, 115 Mass. 514, 533. The defendant's second request that there is no evidence of any contract as alleged in the declaration, and the fifth request, there is no evidence that the plaintiff performed its part of the contract were refused rightly.

By § 4, "A contract to sell or a sale of any goods . . . of the value of five hundred dollars or upward shall not be enforceable by action unless . . . some note or memorandum in writing of the contract or sale be signed by the parties to be charged or his agent in that behalf." The effect of the statute is to require certain evidence to prove that a contract has been made; and a contract can exist at common law independently of the statute. *Townsend* v. *Hargraves*, 118 Mass. 325, 332. *Norton* v. *Simonds*, 124 Mass. 19. It is settled that a letter or several letters relating to the subject matter may constitute a sufficient memorandum. *Williams* v. *Smith*, 161 Mass. 248, 252. *Nickerson* v. *Weld*, 204 Mass. 346, 356. The question is one of fact, and the judge has found for the plaintiff. *Williams* v. *Smith, supra*. It therefore becomes necessary to review the evidence to ascertain whether his conclusion was justified. The correspondence shows that on May 20, 1920, the plaintiff wrote the defendant enclosing an itemized invoice of the butts with prices and terms of shipment, and stating that the goods had been shipped, and a "draft on you for the amount of invoice, payable on arrival of shipment" has been drawn and forwarded. The defendant replied on May 22 acknowledging receipt of the letter and, as "the butts," meaning these butts, were not shipped promptly, he declined to accept them. On June 1 the plaintiff's agent wrote the defendant requesting him to "advise if you intend to take these butts in accordance with the conditions of the purchase," and "our confirmation of sale by letter of April 13th." The letter of April 13, thus incorporated by reference, was signed in the name and behalf of the plaintiff by Needham. It stated in substance, "We beg to confirm the conversation of the writer with you today offering you ten thousand green salted horse butts . . . and confirm your instructions" as to their shipment. The defendant replied to the letter of June 1, "I have

already informed your Chicago office on the 22nd of May that I will not accept the Butts as they were not shipped promptly and therefore cannot use them." It could be found that when this letter was written, signed and posted by the defendant, he had received the letter of May 20 and the invoice enclosed in that letter, and there can be no question of his full knowledge of the terms of the contract. The letter indeed says, "the butts were not shipped promptly," and the judge well could find that the invoice stated the contract as agreed upon by the parties. *Hawkins* v. *Chace,* 19 Pick. 502. The defendant raised no question that he was not responsible because he had not executed any contract in writing, and he did not repudiate the contract; but only claimed that it was unenforceable because of the delay. It seems clear, or at least it could be so found, that the defendant did not object to the contract as claimed by the plaintiff, but attempted to rescind because of alleged inexcusable delay in performance. The letter of June 2 is unintelligible unless read with the previous letters. The judge could say in view of all the correspondence ending in the letter of June 1 that there was a contract which the defendant had recognized, and that it was of no consequence that he did not specifically say, "that the letter you sent refers correctly to its terms." If the defendant had denied that he had ever made a contract, or that the plaintiff's statement of it was incorrect, no sufficient memorandum would have been shown. *Cooper* v. *Smith,* 15 East, 103. *Thirkell* v. *Cambi,* [1919] 2 K. B. 590. If however the correspondence is read as a single instrument in the light of all the circumstances, *Lee* v. *Butler,* 167 Mass. 426, *Beckwith* v. *Talbot,* 95 U. S. 289, the case at bar comes within the doctrine of *George Lawley & Sons Corp.* v. *Buff,* 230 Mass. 21, that the defendant's written recognition of the contract and its terms, as found by the judge, was sufficient. *Townsend* v. *Hargraves,* 118 Mass. 325, 335, 336. *Louisville Asphalt Varnish Co.* v. *Lorick & Lowrance,* 29 S. C. 533. *Ryan* v. *United States,* 136 U. S. 68, 83. Williston on Sales, §§ 101, 106, and cases cited in note 10, page 126. Compare *Wilson* v. *Lewiston Mill Co.* 150 N. Y. 314. The judge having reached this conclusion, properly declined to rule that the plaintiff could not recover, and that the contract was within the statute, and that there was no evidence of any note or memorandum signed by the party to be charged,

or by any person by him lawfully authorized. The remaining
exceptions to the findings and rulings shown by the judge's memo-
randum are disposed of by reasons previously stated.

*Exceptions overruled.*