Cox, J.
This action is based on two counts. The first count is in contract and in it the plaintiff claims damages because of an alleged failure on the part of the defendants to completely perform a contract to weatherstrip the windows of the plaintiff’s house. The second count is in tort and contains allegations of deceit on the part of the defendants “which deterred the plaintiff from making investigation of the work done before the plaintiff paid the defendants under the terms of the contract.” The answer contains a general denial and an allegation of payment.
The judge found that the defendants did not fully and completely perform the contract, but that the plaintiff with knowledge of that fact paid the contract price in full. The judge also found that the payment by the plaintiff was voluntary without fraud, concealment or compulsion. Payment took the form of her negotiable promissory note given by the plaintiff and accepted by the defendants after the defendants had requested full payment.
*195 The judge ruled: “On these facts I rule that the defendants are entitled to a directed finding as matter of law.” He voluntarily reported the case for our determination. See G. L. (Ter. Ed.) c. 231, § 108, as amended.
The ruling was right. The rule is “that money voluntarily paid under a claim of right, with full knowledge of the facts on the part of the one making the payment, cannot be recovered back unless there is fraud or concealment or compulsion by the party enforcing the claim.” Carey v. Fitzpatrick, 301 Mass. 525, 527; Hinckley v. Barnstable, 311 Mass. 600, 604. The rule applies although there was no obligation to make the payment. Rosenfeld v. Boston Mutual Life Insurance Co., 222 Mass. 284, 289. The reported evidence contains nothing whatever to indicate that the payment was involuntary or induced by coercion as was the case in Murphy v. The Brilliant Company, Mass. Adv. Sh. (1948) 1235, 1237 and 1238, where the rule is restated and the cases noted herein are cited.
The result is not affected because payment was found by the judge to have been by the plaintiff’s promissory note instead of by money. There being no evidence to the contrary “a negotiable promissory note given for an unsecured simple contract debt is deemed to have been given and taken in payment of that debt.” Cary Brick Co. v. Wheeler, 210 Mass. 338, 340; Fratta v. Rossetti, 277 Mass. 98, 99, 100.
As no error appears the report is to be dismissed.