*Western District*
# 182586
## J. SKLAR & COMPANY, INC.

v.

## GAETANO DENARDE,
## d.b.a. MODERN BAKERY

Argued: Mar. 22, 1967   Decided: April 10, 1967

*Present:* Garvey, P.J., Levine and Allen, J.J.

Case tried to *Sloan, J.* in the District Court of Springfield   # 182586

*Garvey, P.J.* In this action of contract the plaintiff declared in three counts. Two were on an account annexed and one on a conditional sales contract. There was a finding for the plaintiff and the defendant claimed a report.

The reported evidence shows the defendant, on December 28, 1961 executed a conditional sales contract in which he agreed to purchase from the plaintiff three bread-making machines

for which he agreed to pay $3387.00 in twenty-four monthly installments of $141.00. After making nine payments the defendant stopped paying, claiming that two of the machines were not fit for the purpose for which they were sold. The report recites in some detail the evidence offered by the parties on this issue and concludes with the following statement:

"In addition to the conditional sales agreement executed by the defendant, there was evidence to show that the defendant also executed a series of post-dated notes payable to the order of the plaintiff for each payment due, and that these notes in the amount of $141.00 each were payable at the United States Trust Co. in Boston and that upon each payment made by the defendant he was returned a note marked paid. The unpaid notes were not sued upon and there was no evidence to their whereabouts."

The trial judge apparently did not consider the issues raised by this evidence as he limited his special findings to the statement: "That there was no failure of consideration on the part of the plaintiff".

In *American Malting Co.* v. *Southern Brewing Co.*, 194 Mass. 89, at page 94 the court said:

"It has been settled law in this jurisdiction for more than a century, that where a debtor delivers to his creditor either his

own or the negotiable promissory note of a third party for the whole or a part of the indebtedness, a presumption arises that it was given and received in satisfaction of the debt, although this presumption may be controlled by evidence that by acceptance the creditor did not intend to extinguish the original claim''.

See also *Freedman* v. *Peoples National Bank,* 291 Mass. 168, 171. *Piea Realty Co. Inc.* v. *Pauzynski,* 342 Mass. 240, 246. There is no evidence in the report tending to affect the presumption.

It was error to deny the request of the defendant that on the law and the evidence the plaintiff could not recover.

**Judgment for the plaintiff is to be vacated and a new trial ordered.**

HENRY WEISSMAN
of Springfield for the plaintiff
ROBERT A. GELINAS
of Springfield for the defendant.