Houston, J.
This suit arises out of defendants’
refusal to pay for placement services allegedly rendered by the plaintiff. Plaintiff Ober Consulting, Inc. (“Ober”), contends that it contracted with defendant eCredit.com, Inc., (“eCredit”) through defendant Peter McKay (“McKay”), an officer of eCredit, whereby Ober would find qualified individuals interested in working at eCredit and introduce them to eCredit for evaluation, in return for a fee of twenty percent of the base salary of any such individual hired by eCredit. Ober has brought suit contending that eCredit failed to compensate it for services that it allegedly rendered in connection with eCredit’s hiring of defendant Brian McDonough (“McDonough”), an individual whom Ober alleges it found and introduced to eCredit. In its complaint, Ober alleges breach of contract, unjust enrichment, tortious interference with contractual relations, and violation of G.L.c. 93A. Defendants now move for summary judgment as to all of Ober’s claims on the ground that enforcement of the alleged placement agreement is barred by the Massachusetts Statute of Frauds ("the Statute”) relating to brokers and finders, G.L. 259, §7 (1992). For the reasons set forth below, defendant's motion for summary judgment is DENIED.
BACKGROUND
eCredit contends that it is entitled to summary judgment because there is no writing between the parties as to the placement of McDonough sufficient to satisfy the Statute. Accordingly, eCredit contends that not only does Ober’s breach of contract claim fail, but also that Ober’s remaining claims related to the alleged transaction necessarily fail. Conversely, Ober contends that although there is no single document sufficient to satisfy the Statute, there are several documents that, when viewed together, satisfy the Statute. Therefore, we limit our discussion of this case to review of those documents supplied by Ober in support of its contention that the writing requirement of the Statute has been satisfied.
The first document provided by Ober is an unsigned fee agreement. According to Ober, on or about June 1999, Ober sent McKay a written fee agreement allegedly memorializing an earlier oral agreement made by the parties. The fee agreement states in relevant part: ”[a]s per our discussion, our agreed upon fee is 20% of base salary or guarantee. Our fees are on a contingency basis and are applicable to any candidate referred by OCI (Ober Consulting, Inc.) and hired by eCredit.com.” It'is undisputed that the agreement, a single page document with a signature line at the foot of the page, was never signed or returned by eCredit.
Next, on August 3, 1999, Ober sent an invoice to eCredit requesting payment of twenty percent of the salary of Steven Rist (“Rist”). This invoice stated that it was for “placement of Stephen Rist/Base salary $90,000" and specified a unit price of twenty percent. On September 29, 1999, eCredit issued a checkfor the *725 amount of $18,000 (twenty percent of Rist’s base salary) made payable to eCredit and referencing the Rist invoice by number.
On August 16, 2000, Ober sent eCredit another invoice, this time requesting payment for the placement of McDonough. This invoice stated that it was for “placement of Brian McDonough/Base salary of $130,000" and specified a unit price of twenty percent.
On September 30, 1999, Ober sent an e-mail to Lauri Middendorf, an employee of eCredit, requesting, inter alia, payment of the McDonough invoice. In an e-mail reply, Middendorf advised Ober that the McDonough invoice would be “approved/processed and released for payment as soon as possible.” eCredit, however, never paid the McDonough invoice.
Finally, on October 25, 2000, Ober sent another invoice similar to that provided for Rist and McDonough for the placement of Paul Grossman (“Gross-man”), who was hired at abase salary of $120,000. On December 3, 1999, eCredit issued a check referencing the Grossman invoice by number for the amount of $24,000 (twenty percent of Grossman’s base salary).
DISCUSSION
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226, 232 (1997). Amoving party which does not bear the burden of proof at trial is entitled to summary judgment if it submits affirmative evidence, unmet by countervailing materials, that either negates an essential element of the nonmoving party’s case or demonstrates that the nonmoving party has no reasonable expectation of proving an essential element of its case. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
A threshold question is whether the Statute applies to this matter. We find that the Statute does apply because Ober is a “finder”; thus, the parties’ agreement must be in writing. The Statute states in relevant part:
[a]ny agreement to pay compensation for service as a broker or finder or for service rendered in negotiating the purchase, sale or exchange of a business, its good will, inventory, fixtures, or an interest therein . . . shall be void and unenforceable unless such agreement is in writing, signed by the party to be charged therewith, or by some other person authorized.
G.L.c. 259, §7 (emphasis added). The Statute was designed “to discourage claims for commissions based on conversation which persons heard differently or remembered differently.” Alexander v. Berman, 29 Mass.App.Ct. 458, 462 (1990). For purposes of the Statute, “[a] finder has been defined as one who ‘merely indentify[ies] a business opportunity’ for another.” State Tax Auditing & Research, Inc. v. Waters Corporation, 11 Mass.L.Rptr. 560, 562, C.A. 98-2594 (Worcester Super. April 5, 2000) (quoting Bonin v. Chestnut Hill Towers Realty Co., 14 Mass.App.Ct. 63, 75 (1982)). The definition of a finder is to be interpreted broadly. See generally Bay Colony Marketing Co., Inc. v. Fruit Stand, Inc., 41 Mass.App.Ct. 662 (1996). Here, Ober falls within the definition of a finder because it allegedly identified a business opportunity for eCredit by recommending prospective employees. Thus, under the Statute, there must be a sufficient writing memorializing the parties’ alleged agreement.
Having determined that the Statute applies and that a writing is required, the next question that arises is whether the writings proffered by Ober satisfy the Statute. A memorandum sufficient to satisfy the Statute “need not be a formal document intended to serve as a memorandum of the contract; but it must contain the terms of the contract agreed upon . . . and it must be signed by the parly to be charged or by someone authorized to sign on his behalf.” Cousbelis v. Alexander, 315 Mass. 729, 730-31 (1944) (citing Des Brisay v. Foss, 264 Mass. 102, 109 (1928)). Moreover, it is well established that the memorandum need not consist of one document, but may consist of several documents, which, taken together, contain the necessary information. See, e.g., Schmoll Fils & Co., Inc. v. Wheeler, 242 Mass. 464, 469-70 (1922) (holding that correspondence between plaintiff and defendant taken as a whole satisfied the Statute); Cousbelis, 315 Mass. at 730 (holding that a check from plaintiff given to defendant constituted a sufficient memorandum); Hunt v. Rice, 25 Mass.App.Ct. 622, 632 (1988) (holding that deposit checks endorsed by defendant and bid papers were a sufficient memorandum).[2]
Viewed in the light most favorable to Ober, there are a number of documents that, when considered together, satisfy the Statute. First, the 1999 fee agreement reveals the terms of the parties’ contract. Ober was to receive twenty percent of the base salary of “any candidate referred by . . . [Ober] . . . and hired by eCredit.com.” This was an open-ended agreement that applied to any prospective employee referred by Ober and subsequently hired by eCredit. The terms of this agreement, moreover, were reiterated in the Rist, Mc-Donough, and Grossman invoices.
Second, the documents contain a signature by the party sought to be charged with the enforcement of the agreement, i.e. eCredit. Although the fee agreement was never signed by eCredit, the checks referencing the Rist and Grossman invoices bore the inscription “eCredit.com,” and thus satisfy the signature requirement. A printed, stamped, or typewritten signature is sufficient to satisfy the Statute. See Irving v. The Goodimate Co., 320 Mass. 454, 459 (1946). These checks satisfy the signature requirement of the Statute because they specifically referenced the Rist and Grossman invoices, and because these invoices billed fees precisely in accordance with the prior fee agree *726 ment (twenty percent of the base salary of an employee hired by eCredit). Correspondence is to be read as a single instrument in light of all the circumstances. Schmoll Fils & Co., 242 Mass. at 469-70. Accordingly, in light of the correspondence between the parties, we find that the Statute has been satisfied.
Although eCredit urges us to reach a different result by treating the hiring of each employee as a separate contract with a separate signature requirement, this would ignore the open-ended nature of the fee agreement, the terms of which, for purposes of summary judgment, we accept as true. Nor does it make any difference that the check for the Grossman invoice was sent after McDonough was hired, since the check for the Rist invoice and the fee agreement together are sufficient to satisfy the Statute. Standing alone, these two documents satisfy the Statute because they establish the terms of the contract and because the check issued bearing the signature of eCredit is responsive to the terms of that contract. Therefore, Ober’s claims are not barred by the Statute.
ORDER
For the reasons set forth above, defendant eCredit. corn’s motion for summary judgment is DENIED.

Although few courts have interpreted the writing requirement of the Statute relating to brokers and finders (G.L.c. 259, §7), the law is well settled as to what constitutes a sufficient writing under the Statute relating to other contracts (G.L.c. 259, §1). Since the purposes of the two Statutes are similar, we rely on cases construing the writing requirement of G.L.c. 259, §1.